Carl TICE *v.* STATE of Arkansas

CR 06-114                                    230 S.W.3d 557

Supreme Court of Arkansas
Opinion delivered March 2, 2006

No response.

PER CURIAM. ■ J. Michael Helms, a part-time public defender for the Fifth Judicial District, was appointed by the trial court to represent Appellant Carl Tice. Helms petitions this court to be relieved as counsel on appeal because the Arkansas Public Defender Commission has ordered all public defenders to refrain from filing any fee petitions with the Arkansas appellate courts, as a result of this court's decision in *Rushing v. State*, 340 Ark. 84, 8 S.W.3d 489 (2000). The motion is denied.

Ark. Code Ann. § 19-4-1604(b)(2)(A) (Supp. 2005) addresses the restrictions placed upon state employees who draw salaries from two agencies, and provides that, "This section does not prohibit a part-time or job-share public defender from receiving compensation from an appellate court for work performed in connection with an indigent's appeal to the Supreme Court or the Court of Appeals." Helms is eligible, as a part-time public defender, to receive compensation for his appellate work.

Rule 16 of the Arkansas Rules of Appellate Procedure – Criminal, provides that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant

throughout any appeal unless permitted by the trial or appellate court to withdraw, in the interest of justice or for other sufficient cause. Ark. R. App. P. – Crim. 16(a). Rule 16 clearly states that there is no automatic right of withdrawal and Helms has not shown this court that in the interest of justice or for other sufficient cause his motion should be granted.

Helms is incorrect in stating that *Rushing v. State* stands for the proposition that part-time public defenders or full-time public defenders without a state-funded secretary are ineligible for compensation for their work on appeal. *See Smith v. State*, 364 Ark. 580, 222 S.W.3d 213 (2006). Part-time public defenders or full-time public defenders without a state-funded secretary will be compensated for their appellate work on appeal. Therefore, Helms' motion to be relieved as counsel is denied.

It is so ordered.