Eric J. FLOWERS *v.* STATE of Arkansas

CR 07-319                                                257 S.W.3d 532

Supreme Court of Arkansas
Opinion delivered May 24, 2007

*Robert L. Depper, Jr.* and *C. Wayne Dowd*, for appellant.

No response.

P ER CURIAM. Eric J. Flowers was found guilty of capital-felony murder and sentenced to a term of life imprison-

ment. The appeal from that judgment has been lodged in this court. Flowers is represented on appeal by Robert L. Depper, Jr., and C. Wayne Dowd, who is a part-time public defender for the Eighth Judicial Circuit South. Mr. Dowd now asks this court that he be permitted to withdraw as counsel on the basis that he is ineligible for compensation for any services performed on appeal, as his office has one and one-half state-funded secretaries.

In support of his request, Mr. Dowd relies on this court's decisions in *Jordan v. State*, 354 Ark. 27, 120 S.W.3d 99 (2003) (per curiam); *Williams v. State*, 347 Ark. 369, 65 S.W.3d 401 (2002) (per curiam); and *Tester v. State*, 341 Ark. 281, 16 S.W.3d 227 (2000) (per curiam). Of those three cases, *Tester* is the only one that involved a motion to be relieved as counsel filed by a part-time public defender. There, we allowed the part-time public defender to withdraw as counsel; however, *Tester* was decided prior to the enactment of Ark. Code Ann. § 19-4-1604 (Supp. 2005), which provides in relevant part:

> (b)(2)(A) This section does not prohibit a part-time or job-share public defender from receiving compensation from an appellate court for work performed in connection with an indigent's appeal to the Supreme Court or the Court of Appeals.
>
> (B) A person employed as [a] full-time public defender who is not provided a state-funded secretary may also seek compensation for appellate work from the Supreme Court or the Court of Appeals.

Thus, under this section, Dowd is eligible, as a part-time public defender to receive compensation for his appellate work. We recently explained in *Tice v. State*, 365 Ark. 410, 230 S.W.3d 557 (2006) (per curiam), that part-time public defenders, as well as full-time public defenders without a state-funded secretary, are eligible for compensation for their work on appeal. In that case, we denied a motion to be relieved as counsel filed by a part-time public defender.

In the present motion, Dowd states that the Public Defender's Office for the Eighth Judicial Circuit South is staffed with two full-time licensed attorneys, three part-time licensed attorneys, and one and one-half state-funded secretaries. It is irrelevant, however, that the public defender's office employs one and one-half state-funded secretaries, as Mr. Dowd's status as a part-time public defender makes him eligible for compensation for his appellate work under section 19-4-1604.

[redacted] Rule 16 of the Arkansas Rules of Appellate Procedure – Criminal, provides that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal unless permitted by the trial or appellate court to withdraw, in the interest of justice or for other sufficient cause. Ark. R. App. P. – Crim. 16(a). Rule 16 clearly states that there is no automatic right of withdrawal. At present, Mr. Dowd has not shown this court that in the interest of justice or for other sufficient cause his motion should be granted.

Motion to be relieved as counsel denied.