Etoy CALHOUN *v.* STATE of Arkansas

CR 07-566                                                      259 S.W.3d 455

Supreme Court of Arkansas
Opinion delivered June 21, 2007

*F. Wilson Bynum, Jr.*, for appellant.

No response.

PER CURIAM. Etoy Calhoun was found guilty of fleeing and sentenced to a term of sixty months in the Arkansas

Department of Correction. Calhoun is represented on appeal by F. Wilson Bynum, Jr., who is a part-time public defender for the Eleventh Judicial District–West. Bynum asks this court to be permitted to withdraw as counsel on the basis that he is ineligible for compensation for any services performed on appeal, as his office has three full-time, state–salaried trial attorneys and two full-time state-salaried secretaries.

In support of his request, Bynum relies on this court's decision in *Rushing v. State*, 340 Ark. 84, 8 S.W.3d 489 (2000). In *Rushing*, we determined that state–salaried, full-time public defenders were ineligible for compensation by the court for work performed in the appeal of a matter in which the public defender represented the defendant. However, *Rushing* was decided prior to the enactment of Ark. Code Ann. § 19-4-1604 (Supp. 2005), which provides in relevant part:

> (b)(2)(A) This section does not prohibit a part-time or job-share public defender from receiving compensation from an appellate court for work performed in connection with an indigent's appeal to the Supreme Court or the Court of Appeals.

> (B) A person employed as [a] full-time public defender who is not provided a state-funded secretary may also seek compensation for appellate work from the Supreme Court or the Court of Appeals.

Thus, under this section, Bynum is eligible, as a part-time public defender, to receive compensation for his appellate work. We recently explained in *Tice v. State*, 365 Ark. 410, 230 S.W.3d 557 (2006) (per curiam), that part-time public defenders, as well as full-time public defenders without a state-funded secretary, are eligible for compensation for their work on appeal. In that case, we denied a motion to be relieved as counsel filed by a part-time public defender.

In the present motion, Bynum states that the Public Defender's Office for the Eleventh Judicial District–West, of which he is a part-time trial attorney, has a staff of three full-time, state-salaried trial attorneys and two full-time, state-salaried secretaries. It is irrelevant, however, that the public defender's office employs two state-salaried secretaries, as Bynum's status as a part-time public defender makes him eligible for compensation for his

appellate work under section 19-4-1604. *See Flowers v. State*, 370 Ark. 115, 257 S.W.3d 532 (2007) (per curiam).

█ Rule 16 of the Arkansas Rules of Appellate Procedure –Criminal, provides that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal unless permitted by the trial court or the appellate court to withdraw, in the interest of justice or for other sufficient cause. Ark R. App. P.–Crim. 16(a). Rule 16 clearly states that there is no automatic right of withdrawal. At the present time, Bynum has not shown the court that in the interest of justice or for other sufficient cause his motion should be granted.

Motion to be relieved as counsel and to stay briefing schedule denied.