Ymari Boyce REID *v.* STATE of Arkansas

CR 08-1221                                                289 S.W.3d 54

Supreme Court of Arkansas
Opinion delivered November 6, 2008

*John L. Kearney*, for appellant.

No response.

PER CURIAM. Appellant, Ymari Boyce Reid, by and through her attorney, John L. Kearney, filed a motion for rule on clerk to file her record and have her appeal docketed on October 17, 2008. The State has not responded to the motion. The clerk refused to accept the record because the record before us does not show strict compliance with Arkansas Rule of Appellate Procedure–Civil 5(b)(1)(C).

We have held that Rule 5(b)(1) applies to both civil and criminal cases for the determination of the timeliness of a record on appeal. *See Bond v. State*, 373 Ark. 37, 280 S.W.3d 20 (2008) (per curiam). Nevertheless, on September 18, 2008, this court adopted a rule change to Arkansas Rule of Appellate Procedure–Criminal 4, and specifically Rule 4(c), to provide for notice to prosecutors of record extensions and a deemed consent to the

extension if the prosecutor does not object within ten days after being served a copy of the extension motion:

> A motion by the defendant for an extension of time to file the record shall explain the reasons for the requested extension, and a copy of the motion shall be served on the prosecuting attorney. The circuit court may enter an order granting the extension if the circuit court finds that all parties consent to the extension and that an extension is necessary for the court reporter to include the stenographically reported material in the record on appeal. If the prosecuting attorney does not file a written objection to the extension within ten (10) days after being served a copy of the extension motion, the prosecuting attorney shall be deemed to have consented to the extension, and the circuit court may so find.

*In re Rules of Supreme Court & Court of Appeals, Rule 4-3*, 374 Ark. App'x 566 (Sept. 18, 2008) (per curiam).

In the instant case, counsel for Reid states "on information and belief" in her motion for rule on clerk that the prosecutor was served with the motion for an extension of time to file the record. The prosecutor did not file a written objection; nor did he contest the facts set forth in Reid's motion for rule on clerk. Under the new rule, Rule 4(c), Reid is in compliance because the prosecutor was served with the extension motion and filed no objection. Though the extension granted by the trial court occurred before the effective date of Rule 4(c), which was October 1, 2008, the rule is remedial, and we apply it retroactively.

Granted.