2009 Ark. 414

**Brian K. WALKER, Appellant,**

v.

**STATE of Arkansas, Appellee.**

No. CR 09-934.

Supreme Court of Arkansas.

Sept. 17, 2009.

James P. Clouette, Little Rock, for appellant.

**PER CURIAM.**

Appellant, Brian K. Walker, by and through his attorney, James P. Clouette, has filed a motion for rule on clerk and a motion to be relieved as counsel. The State has not responded to either motion. Appellant was tried by a jury in Pulaski County Circuit Court, convicted of rape, and sentenced as a habitual offender to 480 months' imprisonment. Mr. Clouette timely filed a notice of appeal on Appellant's behalf. After the court reporter notified Mr. Clouette that she would not be able to complete the record by the due date, he timely filed a written motion to extend the time to file the record pursuant to Ark. R.App. P. Civ. 5 and Ark. R.App. P. Crim. 4. The circuit court granted the motion and entered an order extending the time to file the record on appeal until August 18, 2009. When Mr. Clouette tendered the record to the clerk of this court on August 7, 2009, the clerk refused to accept it because the motion and order granting the extension of time did not state that all parties consented to the extension, as required by Ark. R.App. P. Crim. 4(c)(1).

Arkansas Rule of Appellate Procedure–Criminal 4 was amended and made effective October 1, 2008. *See In re Rules of Supreme Court and Court of Appeals, Rule 4–3; Rules of Appellate Procedure–Criminal, Rule 4; and Rules of Criminal Procedure, Rule 24.3,* 374 Ark. App'x 566 (Sept. 18, 2008). As a result, Ark. R.App. P. Crim. 4, rather than Ark. R.App. P. Civ. 5, now provides the procedure to be followed in a criminal case when an extension of time is sought within which to file the record. An extension is permitted where the requirements of Rule 4 are met. Rule 4(c)(1) provides in pertinent part as follows:

If any party has designated stenographically reported material for inclusion in the record on appeal, the circuit court, by order entered before expiration of the period prescribed by subdivision (b) of this rule or by a prior extension order, may extend the time for filing the record. A motion by the defendant for an extension of time to file the record shall explain the reasons for the requested extension, and a copy of the motion shall be served on the prosecuting attorney. The circuit court may enter an order granting the extension if the circuit court finds that all parties consent to the extension and that an extension is necessary for the court reporter to include the stenographically reported material in the record on appeal. If the prosecuting attorney does not file a written objection to the extension within ten (10) days after being served a copy of the extension motion, the prosecuting attorney shall be deemed to have consented to the extension, and the circuit court may so find.

Rule 4(c)(1) provides that a copy of the motion shall be served on the prosecuting attorney. The record tendered to this court with the present motion reflects that a copy of the motion for extension was served on the prosecuting attorney. There is no response from the prosecuting

attorney in the partial record. Again, we note that the State has not filed a response to the current motion for rule on clerk. Mr. Clouette asserts in the motion that both parties were notified and there was no objection to the extension. Under similar facts and circumstances, we have determined compliance with Rule 4(c). *Reid v. State*, 375 Ark. 68, 289 S.W.3d 54 (2008) (per curiam). Accordingly, we grant the motion for rule on clerk.

Mr. Clouette has also filed a motion to be relieved as counsel, stating therein only that the trial court has declared Appellant indigent. Arkansas Rule of Appellate Procedure–Criminal Rule 16 clearly states that there is no automatic right of withdrawal. *Tice v. State*, 365 Ark. 410, 230 S.W.3d 557 (2006) (per curiam). Mr. Clouette has not shown that his motion should be granted in the interest of justice or for other sufficient cause. His motion to be relieved as counsel is therefore denied.

The motion for rule on clerk is granted; the motion to be relieved as counsel is denied.