John David COSTON *v.* STATE of Arkansas

CR 84-52                               680 S.W.2d 107

Supreme Court of Arkansas
Opinion delivered December 3, 1984

*Boswell, Smith & Clardy,* by: *Ted Boswell,* for appellant.

*Steve Clark,* Att'y Gen., by: *Velda West Vanderbilt,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The trial court denied appellant's request for Rule 37 relief on a claim of ineffective assistance of trial counsel. Four specific and one catchall grounds are argued on appeal. None of them amount to prejudicial grounds requiring reversal of the decision of trial court.

The first argument is that the trial counsel was ineffective by failing to object to certain hearsay evidence thereby preventing argument on appeal' that the evidence was erroneously received. The evidence was a statement made by an accomplice who did not testify at appellant's trial. Defense trial counsel asked an officer to read a part of the accomplice's statement which read: "I did shoot Britt Coleman with a .16 gauge shotgun." The state, on cross-examination, had the officer read additional parts of the statement which revealed the shotgun was owned by appellant. Defense counsel then objected but did not get a ruling from the trial court. The state's witness continued to read from the statement without objection. There was no re-direct examination by defense counsel. Appellant points to the opinion of the Court of Appeals which held that the evidence was invited or objection was waived. *Coston* v. *State,* 10 Ark. App. 242, 663 S.W.2d 187 (1984).

The trial court, at the request of appellant's present counsel, made detailed findings of fact and conclusions of law. The trial court concluded at the Rule 37 hearing that defense counsel's strategy was to show conclusively by the hearsay evidence that it was not appellant who shot Britt Coleman. The court found that counsel's failure to vigorously oppose the reading of additional parts of the hearsay statement was a calculated risk as part of his

strategy. The court was aware of trial counsel's experience both as defense counsel and as the elected prosecuting attorney for that district. A claim of ineffective assistance of counsel cannot be based upon improvident strategy. *Mitchell* v. *State,* 271 Ark. 512, 609 S.W.2d 333 (1980). We cannot say that the finding by the trial court was clearly against the preponderance of the evidence. *Thomas* v. *State,* 277 Ark. 74, 639 S.W.2d 353 (1982); *Irons* v. *State,* 267 Ark. 469, 591 S.W.2d 650 (1980).

The second argument is that the trial counsel erred in introducing and allowing the state to explore a past misdemeanor conviction for possession of marijuana. No doubt defense counsel was at all times aware that the state had a full and complete confessional statement voluntarily made by appellant before counsel was employed. One part of that statement reads: "Told him I had — I had been through this, this kind of stuff before." Counsel testified the statement had already been read to the jury and he wanted to let his client explain it. This type of strategy is used often by able and experienced defense attorneys. The trial defense counsel had 34 years trial experience. It is true the prior conviction could not have been introduced for the purpose of showing other crimes or wrongs. Unif. R. Evid. 404. Neither was it admissible under Unif. R. Evid. 609. However, the appellant had told his attorney he had a prior marijuana conviction thereby leading counsel to believe it was a felony. He could have been questioned about a prior felony conviction when he took the stand, as he did. Striking first in the case when it is known that damaging evidence is forthcoming is a frequent trial strategy by able and experienced attorneys. The trial court made lengthy findings on this issue and concluded that trial counsel acted within acceptable standards and we cannot say that the decision of the trial court was clearly erroneous.

The third argument is that trial counsel erroneously failed to request AMCIs 201 and 403. The first instruction explains to the jury the proof and requirements relating to co-conspirators and the second relates to accomplice status when the issue is in dispute. In view of the appellant's written confession it is understandable how strategy might

differ in the defense as compared to a defense where the accused had not confessed. Hindsight might actually cause defense counsel to think he should have gone about the defense in a different manner. However, the same may be said about any trial strategy. The trial attorney testified that he did not request AMCI 403 because he felt the state could use it as fuel to advance the impact of its closing argument. The attorney stated that the appellant's statement contained sufficient evidence to corroborate the accomplice testimony. The trial court found that defense counsel had the discretion as a matter of trial tactics not to ask that these two instructions be given. The decision to ask for specific instructions must be made after completion of the trial and the circumstances may not be the same in any two cases. Defense counsel no doubt made his decision based upon the entire proceedings including his observation of the witnesses and the expected impact upon the jury. From the record and the findings of fact and conclusions of law made by the trial court we conclude that it was not prejudicial error not to request these two instructions.

The fourth and final argument for reversal is that other errors not previously argued, when combined with those argued, prove not only that the trial counsel's efforts were insufficient but also that appellant did not receive a fair trial. *Blackmon* v. *State*, 274 Ark. 202, 623 S.W.2d 184 (1981); *Strickland* v. *Washington*, ___ U.S. ___ 104 S. Ct. 2052 (1984). One of the errors argued concerns the failure of trial counsel to request severance of the battery charge and the marijuana charge. Counsel explained that he knew he would be entitled to severance of the two different unrelated charges but felt trying them together might cause the jury to impose a lesser penalty than if they were tried separately. *Teas* v. *State*, 266 Ark. 572, 587 S.W.2d 28 (1979). Also, he wanted to try the battery case before the accomplice was tried in order to take advantage of the accomplice's expected invocation of his fifth amendment right to refuse to testify. The accomplice in the battery case did not testify. At least it is known that one part of the strategy worked. We would have to speculate to state that the other part did not.

An inflammatory article appeared in the *Arkansas*

*Democrat,* a newspaper with statewide circulation, the day before the trial commenced. The story gave a vivid account of how the victim of the battery survived after being shot several times with a shotgun and left to die in the countryside. Appellant argues a change of venue or continuance should have been sought. Defense counsel again considered the necessity of beating the accomplice to trial. He also considered the likelihood of a more severe penalty after a trial in an adjacent county. Having been a prosecutor in the district, he was well acquainted with the general feeling, in both counties, of how to deal with a marijuana peddler. He chose Clark County. Like the trial court we are not able to state that his decision was even improvident, let alone ineffective.

We have considered arguments relating to voir dire of the jury, peremptory challenges, waiver of the right to remain silent, challenges for cause, improper questions about a police scanner, a stipulation that a substance was marijuana, conflict of interest of the prosecutor, absence of appellant during selection of jury instructions, and absence of appellant when the jury returned to the courtroom. The trial court found that the jury did not return to the courtroom during deliberations. The jury as seated all agreed to hold the state to the "beyond reasonable doubt" burden and to forget anything they may have read or heard about the case and to try the case strictly in accordance with the instructions of the court. The court made specific and detailed findings on each and every one of these arguments and we are unable to hold that the opinion of the trial court was clearly against the preponderance of the evidence. *Williams v. State,* 273 Ark. 371, 620 S.W.2d 277 (1981).

It would unduly lengthen this opinion to respond in detail to every single argument presented in appellant's excellent brief. We have considered all of them and carefully scrutinized the trial court's findings of facts and conclusions of law. The appellant himself supplied most of the compelling evidence against himself when he voluntarily gave a confession. The trial counsel was at a distinct disadvantage because of that confession. Trial counsel made decisions which may have been different had the confession not

existed. Considering all of the circumstances we find any error by defense counsel was not prejudicial and did not result in denying appellant a fair trial. *Blackmon* v. *State,* supra; *Strickland* v. *Washington,* supra.

Affirmed.