2010 Ark. 364

Eric FLOWERS, Appellant,

v.

STATE of Arkansas, Appellee.

No. CR 10–46.

Supreme Court of Arkansas.

Sept. 30, 2010.

No briefs filed.

PER CURIAM.

On September 26, 2006, a jury found Eric Flowers guilty of capital-felony murder under Arkansas Code Annotated § 5-10-101 (Repl.2006) and sentenced him to life without parole in the Arkansas Department of Correction. We affirmed. *Flowers v. State*, 370 Ark. 115, 257 S.W.3d 532 (2007). Subsequently, appellant timely filed a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2010). No evidentiary hearing was held, and the trial court denied relief on the petition in an order entered November 3, 2009. Appellant timely filed in this court an appeal from that order.

Now before us is appellant's motion for extension of time to file his brief and a motion for copies of the trial transcript at public expense. We need not address the merits of appellant's motions because it is clear from the record that appellant could not prevail on appeal of the November 3, 2009 order if the appeal were permitted to go forward. Accordingly, the appeal is dismissed and the motions are moot. An appeal from an order that denied a petition for postconviction relief will not be permitted to proceed where it is clear that the appellant could not prevail.[1] *Goldsmith v. State*, 2010 Ark. 158, 2010 WL 1253187 (per curiam); *Watkins v. State*, 2010 Ark.

1. While the trial court did not enter written findings of fact and law explaining the rationale for dismissing appellant's petition without holding an evidentiary hearing, we have held that we will nevertheless affirm a trial court's decision notwithstanding the failure to comply with Arkansas Rule of Criminal Procedure 37.3(a) where it is clear from the record or on the face of the petition that no relief is warranted. *See Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004).

156, 362 S.W.3d 910 (per curiam); *Meraz v. State*, 2010 Ark. 121, 2010 WL 844885 (per curiam); *Smith v. State*, 367 Ark. 611, 242 S.W.3d 253 (2006) (per curiam).

▬ In his petition for postconviction relief, appellant raised five claims of ineffective assistance of counsel based on trial counsel's alleged failure to prepare a proper defense strategy, including failure to proffer a jury instruction for second-degree murder; inform the trial court that counsel did not have the proper experience to try a capital-murder case; request a continuance following inculpatory testimony from a witness; object and preserve for appellate review the issues of erroneous jury instructions proffered by the State and insufficient felony information; move to dismiss the charges on speedy-trial grounds.[2] None of these grounds is sufficient to warrant reversal of the trial court's decision.

▬ This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam) |₃(citing *Britt v. State*, 2009 Ark. 569, 349 S.W.3d 290 (per curiam)). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Jamett*, 2010 Ark. 28, 358 S.W.3d 874; *Anderson v. State*, 2009 Ark. 493, 2009 WL 3235533 (per curiam); *Small v. State*, 371 Ark. 244, 264 S.W.3d 512 (2007) (per curiam). In making a determination on a claim of ineffectiveness of counsel, the totality of the evidence before the fact-finder must be considered. *State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542

(2007). In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence, under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *French v. State*, 2009 Ark. 443, 2009 WL 3047356 (per curiam); *Small*, 371 Ark. 244, 264 S.W.3d 512. Under the two-pronged *Strickland* test, a petitioner making a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the U.S. Constitution. *Harrison v. State*, 371 Ark. 474, 268 S.W.3d 324 (2007); *Barrett*, 371 Ark. at 95–96, 263 S.W.3d at 546. In doing so, the claimant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Barrett*, 371 Ark. at 96, 263 S.W.3d at 546.

▬ As to the second prong of the test, the petitioner must show that counsel's deficient|₄performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Jamett*, 2010 Ark. 28 at 3–4, 358 S.W.3d at 876; *Walker v. State*, 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam). Such a showing requires that the petitioner demonstrate a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Sparkman v. State*, 373 Ark. 45, 281 S.W.3d 277 (2008). A reasonable probabil-

---

2. Appellant's petition for postconviction relief also included a conclusory claim of actual innocence; such claims are challenges to the sufficiency of the evidence and are not cogni-zable in petitions under Rule 37.1, however. *See, e.g., Johnson v. State*, 321 Ark. 117, 900 S.W.2d 940 (1995).

ity is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

Appellant's first claim of ineffective assistance of counsel alleged failure by counsel to "prepare a proper defense." According to appellant, trial counsel chose to pursue the theory of defense that appellant was not at the scene of the crime, which appellant claimed "tantamounted [sic] to no defense at all." Further, appellant argued that, had trial counsel pursued a mental-defect or diminished-capacity defense strategy based on appellant's drug intoxication at the time, appellant would have been entitled to a jury instruction on second-degree murder.

 Trial counsel's decisions regarding what theory of the case to pursue represent the epitome of trial strategy. *Howard v. State,* 367 Ark. 18, 238 S.W.3d 24 (2006); *see Noel v. State,* 342 Ark. 35, 26 S.W.3d 123 (2000); *see generally Fretwell v. State,* 292 Ark. 96, 728 S.W.2d 180 (1987) (even though another attorney could have chosen a different course, trial strategy, even if it proves unsuccessful, is a matter of professional judgment). Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then such a decision is not a proper basis for relief under Rule 37.1. *Smith v. State,* 2010 Ark. 137, 361 S.W.3d 840 (per curiam); *McCraney v. State,* 2010 Ark. 96, 360 S.W.3d 144 (per curiam); *Johnson v. State,* 2009 Ark. 460, 344 S.W.3d 74 (per curiam). This is true even where the chosen strategy was improvident in retrospect. *See Coston v. State,* 284 Ark. 144, 680 S.W.2d 107 (1984). Further, an attorney need not advance every argument urged by his client. *Burnett v. State,* 293 Ark. 300, 737 S.W.2d 631 (1987).

 To the extent that he made such a contention at all, appellant's only argument that trial counsel's decision was not supported by reasonable, professional judgment seems to have been that, had trial counsel presented a mental-defect or diminished-capacity defense, appellant's drug intoxication would have entitled him to a jury instruction on second-degree murder. Appellant is mistaken; we have held that voluntary intoxication is not a defense to any crime in Arkansas. *See Miller v. State,* 2010 Ark. 1, 362 S.W.3d 264. Because appellant's intoxication would not have been a defense to the crime, we cannot say that a decision by trial counsel to pursue a strategy of general denial rather than one of mental defect or diminished capacity was not based on reasonable, professional judgment, and appellant's argument on this point was without merit.

 Appellant's second asserted basis for ineffective assistance of counsel was premised on trial counsels' failure to inform the court that they did not have the requisite experience to handle a capital-murder case. Appellant argued that he was entitled to attorneys with at least ten years' experience handling capital-murder cases, that both of his court-appointed public defenders had less than ten years' experience, and that the failure of the attorneys to properly prepare a defense proves that they were inexperienced to the point that appellant was denied effective assistance. Further, appellant argued that he was prejudiced by his attorneys' lack of experience because, had he had more experienced counsel, "there is a great probability that the outcome of the proceedings could have been different."

 Appellant cited to no authority in support of the proposition that he was entitled to trial counsel who had at least ten years' experience with capital-murder cases. Indeed, nothing in the Arkansas Rules of Criminal Procedure or the Rules

of the Arkansas Supreme Court requires that an attorney have ten years' experience in death-penalty cases before he or she may sit as lead attorney on such a case. We need not consider an argument when a claimant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *See Jamett*, 2010 Ark. 28 at 5 n. 2, 358 S.W.3d at 877, n. 2 (citing *Weatherford v. State*, 352 Ark. 324, 101 S.W.3d 227 (2003)).

For his third claim of ineffective assistance of counsel, appellant asserted that trial counsel failed to request a continuance or a mistrial when one of the State's witnesses stated unexpectedly that appellant shot the victim because the victim had seen appellant's face. Appellant argued that the prosecutor had a duty to disclose that the witness would testify in this manner, that the prosecutor's failure to disclose amounted to a violation under Arkansas Rule of Criminal Procedure 17.1 (2010), and that trial counsel should have requested a continuance or a mistrial based on this failure to disclose. Trial counsel's failure to request a continuance or move for a mistrial, appellant argued, resulted in prejudice because this testimony undermined trial counsel's proffered theory of defense.

In support of this claim, appellant cited *Williamson v. State*, 263 Ark. 401, 565 S.W.2d 415 (1978), and *Shuffield v. State*, 23 Ark.App. 167, 745 S.W.2d 630 (1988). Neither case is persuasive.

*Williamson* dealt with, inter alia, a prosecutor's failure to provide a copy of a recorded statement made by a witness upon timely request by the defense. In the instant case, there was no mention of a recorded statement by the witness, nor was there any allegation that such a re-

corded statement had been requested or had not been disclosed.

The Arkansas Court of Appeals decision in *Shuffield*, in addition to having no precedential value in this court, is simply inapposite. That case dealt with the failure of police to provide the prosecutor's office with information beneficial to the defense and the imputation of that failure by police to the prosecutor's office. Appellant did not allege that there was any similar failure in the instant case.

Appellant's argument seemed to be only that the prosecutor in his case failed to follow certain rules of discovery with respect to the witness's testimony and that, under *Williamson* and *Shuffield*, her testimony should have been excluded; thus, trial counsel would have had a basis for requesting a continuance or a mistrial or for objecting to the testimony. However, appellant did not demonstrate that the State actually violated any rules of discovery, as he failed to provide citation to any authority that would suggest that the prosecutor had a duty to disclose in this situation.

Trial counsel cannot be ineffective for failing to make an objection or argument that is without merit. *See Johnson v. State*, 2009 Ark. 552, 2009 WL 3681646; *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004). Because appellant did not establish that the prosecutor breached any rules of discovery, he accordingly failed to demonstrate that any objection to the witness's testimony or a motion for a continuance or a mistrial based on the rules of discovery would have been meritorious, and he thus failed to establish that his trial counsel was ineffective.

The fourth basis for ineffective assistance of counsel that appellant raised was based on trial counsel's failure to object to and preserve for appellate review the "erroneous instructions given to [the] jury."

Appellant claimed that the instructions were erroneous because he "was not properly charged by felony information or indictment, nor did he receive full notice that he was charged with committing the Robbery" that was the underlying felony to support the charge of capital-felony murder. Appellant's argument, however, is wholly without merit; the Criminal Information charging appellant with capital murder—a copy of which appellant included with his original Rule 37.1 petition—reads:

> Committed as follows: Count # 1 Offense: Capital Murder That [Eric J. Flowers] on or about August 25, 2004, in Miller County, Arkansas, did unlawfully acting alone or with one (1) or more other persons, he committed or attempted to commit the offense of robbery as defined in A.C.A. 5–12–103, he or an accomplice caused the death of Obbie Watson under circumstances manifesting extreme indifference to the value of human life; or with the premeditated and deliberated purpose of causing the death of Obbie Watson, he caused the death of Obbie Watson.

Appellant's fifth argument regarding ineffective assistance of counsel was based on trial counsel's alleged failure to file a motion to dismiss the charges on speedy-trial grounds prior to trial. Appellant acknowledged that the continuances in his case were all requested by the defense, but he contended that the trial court could not continue a case, even at the request of the defense, for longer than sixty days.[3] Appellant further alleged that, after subtracting the days that he considered excludable from the time between his arrest and his trial, he was tried 147 days beyond the one-year deadline for speedy trial.

Arkansas Rule of Criminal Procedure 28.1 (2010) requires that any defendant charged with a criminal offense is entitled to have the charge dismissed with an absolute bar to prosecution if he is not brought to trial within twelve months from the time provided in Rule 28.2, excluding only such periods of reasonable delay as are authorized in Rule 28.3. This court has held that failure to file a timely speedy-trial motion may constitute ineffective assistance of counsel. *See Walker v. State,* 288 Ark. 52, 701 S.W.2d 372 (1986); *Clark v. State,* 274 Ark. 81, 621 S.W.2d 857 (1981). However, we have also held that continuances requested by the defense were excludable periods for purposes of calculating the twelve-month deadline. *See Johnson v. State,* 2009 Ark. 552, 2009 WL 3681646; *Branning v. State,* 371 Ark. 433, 267 S.W.3d 599 (2007). Most importantly for purposes of the instant petition, we have never held that only sixty days of a continuance requested by the defense were excludable; on the contrary, we have consistently held that the entire delay caused by the continuance was chargeable to the defendant. *See, e.g., Dodson v. State,* 358 Ark. 372, 191 S.W.3d 511 (2004) (holding that periods of 13, 72, 136, and 284 days were properly excludable as continuances requested by the defense).

As appellant conceded in his original Rule 37.1 petition, all of the continuances in question were requested by his trial counsel. Thus, all periods of delay between appellant's September 6, 2004 arrest date and his trial on June 25, 2006, were chargeable to appellant, and his speedy-trial claim is without merit.

3. Appellant contended that only the first sixty days of a continuance are excludable under Arkansas Code Annotated § 5–4–310(b)(2) (Repl.2006). That statute, however, deals only with the time in which someone arrested on allegations of probation or parole violations must be given a preliminary probable-cause hearing and is inapplicable here.

Based on the foregoing, it is clear that appellant could not prevail if his appeal were permitted to proceed. We therefore dismiss the appeal, and appellant's motions are accordingly moot.

Appeal dismissed; motions moot.