2012 Ark. 155

**Antonio Deshaun SARTIN, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 11–606.**

Supreme Court of Arkansas.

April 12, 2012.

John Wesley Hall, Little Rock, for appellant.

Dustin McDaniel, Attorney General, Laura Shue, Assistant Attorney General, for appellee.

DONALD L. CORBIN, Justice.

Appellant Antonio Deshaun Sartin appeals the order of the Pulaski County Circuit Court denying his petition for postconviction relief filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. The circuit court did not hold a hearing and denied the petition based on its review of the petition, the files, and the record of the case. For reversal, Appellant challenges the circuit court's rulings on the two grounds for relief alleged in his petition: (1) that his trial counsel was ineffective in failing to pursue the theory of defense that he was guilty only of theft of property and not aggravated robbery, and (2) that his trial counsel was ineffective in not honoring his alleged request to testify in his own behalf. We agree with the circuit court that the record conclusively shows that Appellant's arguments on appeal are without merit. Accordingly, we affirm the denial of postconviction relief.

Appellant was tried and convicted by a Pulaski County jury of aggravated robbery and felony theft of property and sentenced as a habitual offender to respective, consecutive terms of 240 months' and 120 months' imprisonment. The Arkansas Court of Appeals affirmed the judgment of his convictions, with the sole point on appeal being a challenge to the sufficiency of the evidence to support the aggravated robbery conviction. *Sartin v. State*, 2010 Ark. App. 494, 2010 WL 2404165.

Following the affirmance from the court of appeals, Appellant, through counsel, filed a petition and amended petition for postconviction relief pursuant to Rule 37.1. The State responded. As noted, the circuit court denied Appellant's Rule 37 petition without holding an evidentiary hearing. This appeal followed.

At the outset, we note that this court does not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous. *Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Id.* Our standard of review requires that we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.*

In asserting ineffective assistance of counsel under *Strickland*, the petitioner must show that counsel's performance was deficient. *Williams v. State*, 2011 Ark. 489, 385 S.W.3d 228. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Id.* The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Montgomery*, 2011 Ark. 462, 385 S.W.3d 189. In doing so, the petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

Unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Williams*, 2011 Ark. 489, 385 S.W.3d 228. "[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one." *Anderson v. State*, 2011 Ark. 488, at 3–4, 385 S.W.3d 783, 786–87 (quoting *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052).

As his first point on appeal, Appellant contends that his trial counsel was ineffective for not presenting the only possible defense in this case, that being that he was guilty only of theft of property and not of aggravated robbery. His postconviction counsel admits that Appellant intended to commit the theft of the car, but contends that there is no evidence that he committed aggravated robbery because the victim was not near the car when Appellant took it and was not threatened. Appellant claims that the victim testified as to his version of events in order to insulate himself from criminal liability for having shot Appellant in defense of property.

On this claim, the circuit court denied relief, stating that "the choice of a defense strategy is by definition a matter of trial strategy and tactics, and is not a proper basis for relief pursuant to Criminal Procedure Rule 37." The circuit court went on to state that "the defendant's allegation that the evidence supported the contention that he was guilty of theft of property but not aggravated robbery, is a challenge to the sufficiency of the evidence, which is also not a proper basis for relief pursuant to Criminal Procedure Rule 37." We cannot say that these rulings are clearly erroneous.

Trial counsel's decisions regarding what theory of the case to pursue represent the epitome of trial strategy. *Flowers v. State*, 2010 Ark. 364, 370 S.W.3d 228 (per curiam). Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then such a decision is not a proper basis for relief under Rule 37.1. *Id.* This is true even where the chosen strategy was improvident in retrospect. *Id.* Further, an attorney need not advance every argument urged by his client. *Id.* To the extent that Appellant's claim is a challenge to the sufficiency of the evidence, such a claim does not warrant postconviction relief as it was decided by the court of appeals in Appellant's direct appeal. A proceeding under Rule 37.1 does not allow a petitioner the opportunity to reargue points that were decided on direct appeal. *Goodman v. State*, 2011 Ark. 438, 2011 WL 4840650 (per curiam).

Our review of the record reveals that Appellant has failed to demonstrate that trial counsel's strategic decision on the theory of defense was not supported by reasonable professional judgment. Trial counsel did argue that Appellant did not have the intent to commit aggravated rob-

bery. In fact, trial counsel moved for a directed verdict on that very basis. In addition, counsel requested and received jury instructions on robbery and theft. Most importantly, however, the victim testified that he was afraid and perceived Appellant to be holding a gun under his hoodie. The court of appeals found this evidence sufficient to support the jury's verdict of guilt on the aggravated-robbery charge based on the victim's testimony that the man who took the car "indicated [he] had a weapon 'cause their [sic] hand was under their [sic] white hoodie.... When he indicated that he had a weapon I got out of the car." The court of appeals concluded therefore that the victim "perceived that [A]ppellant represented by his conduct that he was armed with a gun" and affirmed the conviction as distinguishable from *Fairchild v. State*, 269 Ark. 273, 600 S.W.2d 16 (1980). *Sartin*, 2010 Ark. App. 494, at 7, 2010 WL 2404165.

██ Appellant's argument that this strategic decision can be challenged in postconviction proceedings because it is based on deficient investigation is simply not supported in the record. The record does not show deficient investigation on the part of trial counsel. In fact, many of Appellant's alleged deficiencies were actually argued to the jury by trial counsel. For example, trial counsel pointed out to the jury that it heard from one witness who heard only one shooter, and from another witness who identified the driver as wearing a black jacket rather than a white hoodie. Notwithstanding Appellant's assertion to the contrary, trial counsel did challenge the victim's credibility and did in fact argue to the jury that the victim shot an unarmed man and that Appellant only wanted to get in the car to escape the shooter.

Based on the foregoing, we conclude that the circuit court was correct in ruling that Appellant failed to allege appropriate grounds for postconviction relief in his first point. He has failed to demonstrate that trial counsel's strategic decisions were not supported by sufficient investigation or by reasonable professional judgment, and the challenge to the sufficiency of the evidence was decided by the court of appeals on direct appeal. Our review of the record supports the trial court's findings in this regard, and we cannot say they were clearly erroneous.

For his second point for reversal, Appellant contends that he informed his trial counsel that he wanted to testify in his own behalf, and that his counsel was ineffective for not honoring that request and for not obtaining an on-the-record waiver of his fundamental right to testify. Appellant claims that he wanted to testify so that he could deny the robbery and that, "in light of an admission that he was a car thief and not a robber, [his prior] convictions would have been tolerable for cross-examination." Appellant contends that his right to testify is a fundamental right guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and article 2, section 10 of the Arkansas Constitution and that the decision whether to testify is his decision to make, not his counsel's.

On this issue, the circuit court ruled as follows:

The defendant's second ground for relief is that he was denied his right to testify in his own behalf by his trial counsel, who rested without calling him to testify. The record reflects that after the State rested its case, the defendant rested without presenting any testimony. The record reflects the Court immediately excused the jury so that instructions could be discussed. If the defendant desired to testify, it was incumbent upon him to act affirmatively

and make that desire known to the trial court at the appropriate time. Since the jury had been excused from the courtroom immediately following defense counsel's announcement that the defense was resting, that would have been the appropriate time to make his desire to testify known to the court, outside the presence of the jury. It would have been a simple matter to allow the defense to reopen its case to allow the defendant to testify, if that is what he desired to do. By remaining silent, the defendant knowingly and voluntarily waived his right to testify. *Mason v. State,* 2009 Ark. App. 794, 2009 WL 4377825; *Henson v. State,* 94 Ark.App. 163, 227 S.W.3d 450 (2006). This allegation does not warrant post-conviction relief.

◼ Our review of the record reveals that the circuit court's ruling was not clearly erroneous. After the State rested, the defense moved for a directed verdict and then rested without presenting any evidence. The record is completely silent and does not indicate in any way that Appellant gave any indication, to either his counsel or the court, that he wanted to testify. The cases from the Arkansas Court of Appeals cited by the circuit court relied in turn on cases from the United States Court of Appeals for the Eighth Circuit stating that

> if an accused desires to exercise [his] constitutional right to testify the accused must act affirmatively and express to the court [his] desire to do so at the appropriate time or a knowing and voluntary waiver of the right is deemed to have occurred.

*United States v. Kamerud,* 326 F.3d 1008, 1017 (8th Cir.2003) (quoting *United States v. Blum,* 65 F.3d 1436, 1444 (8th Cir. 1995)). As there is no contrary authority either from the United States Supreme

Court or from this court, we cannot say the circuit court clearly erred in ruling that Appellant's conduct, in remaining silent when his trial counsel rested the defense's case and in not expressing to the court that he desired to testify in his own behalf, constituted ⌊₈a waiver of his right to testify. Appellant has therefore not demonstrated that his counsel's actions were deficient in this regard.

◼ It is well settled that a criminal defendant has a right to testify in his own behalf under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). It is equally well settled that the accused has the right to choose whether to testify in his own behalf, and that counsel may only advise the accused in making the decision. *Chenowith v. State,* 341 Ark. 722, 19 S.W.3d 612 (2000) (per curiam). This court has consistently held that whether a defendant testifies is not a basis for postconviction relief. *See, e.g., Dansby v. State,* 347 Ark. 674, 66 S.W.3d 585 (2002). Appellant argues, however, that in addition to ignoring his request to testify, his trial counsel also failed to make a record of his waiver of his fundamental right to testify, and this failure amounted to ineffective assistance of counsel. Appellant cites us to *Momon v. State,* 18 S.W.3d 152 (Tenn.1999), and asks us to adopt a similar procedure requiring counsel to question a defendant on the record but outside the presence of the jury regarding his decision not to testify. We need not look to the Tennessee case to decide this question, however, as this court recently considered this very issue:

> Williams cites several pages of cases from other jurisdictions in support of his contention that a record must be made on the question of the defendant's waiver of his right to testify. He miscon-

strues, though, the holdings of many of these case[s], because they merely conclude that a defendant has a fundamental right to testify and that only the defendant may waive that right. *See, e.g., United States v. Ortiz,* 82 F.3d 1066, 1070 (D.C.Cir.1996) ("We, like our sister circuits and the state courts, have no doubt that a criminal defendant has a fundamental constitutional right to testify that is personal to the defendant and cannot be waived by counsel or the court."); *United States v. Teague,* 953 F.2d 1525, 1532 (11th Cir.1992) ("[W]e hold that a criminal defendant has a fundamental constitutional right to testify in his behalf, that this right is personal to the defendant, and that the right cannot be waived by defense counsel."). In fact, it is true that the Supreme Court of the United States has held that a criminal defendant has a right to testify in his own behalf. *Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). *The Supreme Court has not held, however, that it is ineffective assistance of counsel when trial counsel fails to put the waiver of the defendant's right to testify on the record.*

While it clear that the right to testify is a fundamental right that may only be exercised by the defendant, Williams concedes that neither this court nor the Supreme Court of the United States has held that a record must be made evidencing a defendant's waiver of his right to testify and that failure to do so constitutes ineffective assistance of counsel. Although it may be the practice of some counsel to confirm on the record that the defendant's waiver of his or her right to testify is voluntary and knowing, there is no mandated obligation to obtain an on-the-record waiver either by this court or the Supreme Court of the United States. *In light of the fact that neither this court nor the Supreme Court requires that a record of a defendant's waiver be made in order to protect his or her constitutional right to testify, we decline to hold that failure to make a record of Williams's waiver of his right to testify constitutes ineffective assistance of counsel.* We hold, therefore, that there was no defective representation by trial counsel in this regard.

*Williams,* 2011 Ark. 489, at 13–14, 385 S.W.3d at 237 (emphasis added).

The present case involves the same issue presented in *Williams* concerning the on-the-record waiver of the right to testify in one's own behalf. As was the situation when we decided *Williams,* there is still no rule of law either from this court or the Supreme Court of the United States mandating that counsel obtain an on-the-record express waiver of an accused's right to testify. Accordingly, as we did in *Williams,* we likewise here decline to hold that the failure to make a record of an accused's express waiver of his right to testify amounts to ineffective assistance of counsel.

In summary, the circuit court did not clearly err in denying Appellant's petition for postconviction relief on either ground asserted. We affirm the denial of relief.

Affirmed.