

# SUPREME COURT OF ARKANSAS

IN RE ARKANSAS SUPREME COURT
COMMITTEE ON CRIMINAL
PRACTICE—PROPOSED RULE
CHANGES

**Opinion Delivered** March 13, 2014

**PER CURIAM**

The Arkansas Supreme Court Committee on Criminal Practice has submitted several proposals to the court as set out in detail below. We express our gratitude to the members of the Committee for their work. These proposals are being published for comment, and the comment period shall end on May 1, 2014. (New language is underlined in the rules set out below.)

Comments should be submitted in writing to: Clerk of the Arkansas Supreme Court, Attention: Criminal Practice Committee, Justice Building, 625 Marshall Street, Little Rock, AR 72201.

### Arkansas Rules of Criminal Procedure

1. A new rule was proposed requiring that a record be made of any waiver of the right to testify.

**Rule 33.8. Record of waiver of right to testify.**

If in a trial the defendant waives the right to testify in his or her own defense, the court shall determine on the record that the defendant has been advised of

SLIP OPINION

the right to testify and has waived that right. Such a determination shall not be made by inquiry directed to the defendant and shall not be made in the presence of the jury.

*Reporter's Note, 2014.*

*This rule was added in 2014 in response to the Supreme Court's decisions in Williams v. State, 2011 Ark. 489 and Sartin v. State, 2012 Ark. 155. The rule is satisfied if defense counsel affirmatively states on the record that he or she has advised the defendant of the right to testify. If defense counsel does not so state, the trial court should determine by inquiry addressed to counsel that the defendant has been so advised.*

2. Amendments were proposed to Arkansas Rules of Criminal Procedure 7.1 and 13.1 regarding issuing of arrest warrants and search warrants based on affidavits received by electronic means.

**Rule 7.1. Arrest with a warrant: basis for issuance of arrest warrant.**

(a) A judicial officer may issue an arrest warrant for a person who has failed to appear in response to a summons or citation.

(b) In addition, a judicial officer may issue a warrant for the arrest of a person if, from affidavit, recorded testimony, or other documented information, it appears there is reasonable cause to believe an offense has been committed and the person committed it. A judicial officer may issue a summons in lieu of an arrest warrant as provided in Rule 6.1. An affidavit or other documented

SLIP OPINION

information in support of an arrest warrant may be transmitted to the issuing judicial officer by facsimile or by other electronic means. Recorded testimony in support of an arrest warrant may be received by telephone or other electronic means provided the issuing judicial officer first administers an oath by telephone or other electronic means to the person testifying in support of the issuance of the warrant.

(c) A judicial officer who has determined that an arrest warrant should be issued may authorize the clerk of the court or his deputy to issue the warrant.

$$\star \qquad \star \qquad \star$$

*Reporter's Note, 2014.*

*In 2014, subsection (b) was amended to address the transmission by electronic means of affidavits in support of a warrant.*

**Rule 13.1. Issuance of search warrant.**

(a) A search warrant may be issued only by a judicial officer.

(b) The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, and shall be supported by one (1) or more affidavits or recorded testimony under oath before a judicial officer particularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things are

3

SLIP OPINION

in possession of the person, to be searched. If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained. An affidavit or testimony is sufficient if it describes circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place. Failure of the affidavit or testimony to establish the veracity and bases of knowledge of persons providing information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.

(c) An application for a search warrant and the affidavit in support of the search warrant may be transmitted to the issuing judicial officer by facsimile or by other electronic means. Recorded testimony in support of a search warrant may be received by telephone or other electronic means provided the issuing judicial officer first administers an oath by telephone or other electronic means to the person testifying in support of the issuance of the warrant. After signing a search warrant, the judicial officer issuing the warrant may transmit a copy of the warrant by facsimile or other electronic means to the applicant for the warrant. The original signed search warrant shall be retained by the judicial officer issuing the warrant and shall be filed with the record of the proceeding

SLIP OPINION

as provided in Rule 13.4(c).

~~(c)~~ (d) Before acting on the application, the judicial officer may examine on oath the affiants or witnesses, and the applicant and any witnesses he may produce, and may himself call such witnesses as he deems necessary to a decision. He shall make and keep a fair written summary of the proceedings and the testimony taken before him, except that if sworn testimony alone is offered in support of the application, such testimony shall be recorded pursuant to subsection (b) hereof.

~~(d)~~ (e) If the judicial officer finds that the application meets the requirements of this rule and that, on the basis of the proceedings before him, there is reasonable cause to believe that the search will discover persons or things specified in the application and subject to seizure, he shall issue a search warrant based on his finding and in accordance with the requirements of this rule. If he does not so find, the judicial officer shall deny the application.

~~(e)~~ (f) The proceedings upon application for a search warrant shall be conducted with such secrecy as the issuing judicial officer deems appropriate to the circumstances.

***Reporter's Note, 2014.***

*In 2014, subsection (c) was added to address the transmission by electronic means of affidavits in support of a warrant. The remaining subsections were redesignated (d) - (f).*