Cite as 2021 Ark. App. 58

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR-20-415

| | | |
|---|---|---|
| ANTHONY BAUMANN | | **OPINION DELIVERED:** FEBRUARY 10, 2021 |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-15-154] |
| V. | | HONORABLE ROBIN F. GREEN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Judge

Appellant Anthony Baumann appeals the Benton County Circuit Court's order denying his petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2020). Baumann argues in two points on appeal that his trial counsel was ineffective and that the circuit court erred in its rulings. We affirm the circuit court's denial of Baumann's petition for postconviction relief.

## I. *Procedural History*

On May 21, 2015 a felony information was filed charging Baumann with one count of sexual assault in the second degree in Benton County Circuit Court based on an allegation that he assaulted his granddaughter's half sister, E.S. An amended felony information was filed on September 21, 2016, charging him with one count of sexual assault in the second degree and one count of rape.

At a hearing held on November 2, 2016, regarding the testimony of Baumann's daughter, Tanya Bridges (Tanya), the circuit court denied Baumann's motion to exclude the testimony pursuant to Arkansas Rule of Evidence 404(b). On June 6, 2017, Baumann moved to suppress certain testimony after the State sought to admit additional Rule 404(b) witnesses, and the circuit court determined that the additional Rule 404(b) evidence was inadmissible.

Baumann's jury trial was held on September 26–29, 2017, during which he successfully moved for a partial directed verdict and was acquitted on the rape charge. However, the jury found Baumann guilty of sexual assault in the second degree and sentenced him to twenty years in the Arkansas Department of Correction pursuant to a sentencing order entered on October 17. A notice of appeal was timely filed on October 12.

Baumann argued that (1) the circuit court erred by permitting Tanya to testify about similar acts of sexual assault pursuant to Rule 404(b); (2) the circuit court erred by refusing to exclude Tanya's testimony pursuant to Ark. R. Evid. 403; and (3) the State's questioning of detective Brian Hanna regarding other sexual-assault accusations against Baumann warranted a mistrial. This court affirmed on November 28, 2018, holding that the circuit court did not abuse its discretion by admitting Tanya's testimony pursuant to the "pedophile exception" to Rule 404(b). *Baumann v. State*, 2018 Ark. App. 564, at 13, 566 S.W.3d 494, 502. This court declined to consider Baumann's remaining arguments, holding that he did not obtain a clear ruling on his Rule 403 argument and did not move for a mistrial after

2

objecting to Detective Hanna's testimony. *Id*. at 14–18, 566 S.W.3d at 503–05. Our

supreme court denied his petition for review, and the mandate issued on January 17, 2019.

Baumann filed a timely petition for relief under Rule 37 on March 13, 2019, with

the Benton County Circuit Court, with assistance of counsel, which alleged errors by trial

counsel and contained a proper verification. In his petition, he alleged the following:

> 1. Trial counsel was ineffective in failing to request a mistrial after the State asked a detective to read a portion of the alleged victim's Children's Safety Center (CSC) interview, which had been excluded as Rule 404(b) evidence in the form of hearsay.

> 2. Trial counsel was ineffective in failing to establish for the jury a theory of the case for why the alleged victim, who was a minor, and other State's witnesses would have a motive to make false accusations that Baumann committed sexual assault and rape.

After two extensions, the State filed a response and brief in support on June 13, 2019.

The circuit court did not hold a hearing on the matter but instead, following the parties'

submissions, entered a five-page written order that denied relief on March 4, 2020.

In its order, the circuit court denied relief on Baumann's first claim, *that trial counsel*

*was ineffective for failing to request a mistrial*, finding that trial counsel was not ineffective in

choosing not to move for a mistrial, because Baumann had not demonstrated that this

decision fell below an objective standard of reasonableness. The circuit court, citing

*McClinton v. State*, 2015 Ark. 245, 464 S.W.3d 913, noted that a mistrial is a drastic remedy

available only when an error has occurred that is so prejudicial as to be beyond repair and

to affect the fundamental fairness of a trial. The circuit court acknowledged Baumann's

taking issue with certain testimony elicited by the State during a direct examination of

Detective Hanna when he was asked to quote from a transcript of a CSC interview of the

alleged victim, E.S. The quote was truncated by an objection from trial counsel, and the

3

proceedings moved on. The circuit court determined that this testimony, similar to the cases of *Brown v. State*, 2019 Ark. App. 36, 568 S.W.3d 312; and *Marbley v. State*, CR 07-06, 2007 WL 2660224, at *2–3 (Ark. App. Sept. 12, 2007) (unpublished), cited by the State, lacked any sort of context that would have made it so prejudicial to a jury as to merit a mistrial. To the extent the quote contained prejudicial information in referencing other alleged victims, the circuit court pointed out that the quote itself named "Tanya," another witness in the case, and not Baumann.

Further, the circuit court noted that other alleged victims referenced in the quote were made known to the jury at a later point in the trial and that trial counsel had referred to their allegations as false. The circuit court also stated that Baumann himself advocated for this trial strategy on Issue 2 of his Rule 37 petition. The circuit court found that, had it been made, a motion for mistrial would not have been granted, and absent a demonstration that such a motion would have been granted, there is no showing of prejudice. *See England v. State*, 2018 Ark. App. 137, at 4, 543 S.W.3d 553, 559. The circuit court further indicated that Baumann was acquitted of the rape charge on trial counsel's directed-verdict motion subsequent to the decision not to request a mistrial. The circuit court found, accordingly, that it was apparent that the decision not to request a mistrial was a fruitful trial strategy. The decision to not request a mistrial falls within trial strategy if supported by reasonable professional judgment. *Sims v. State*, 2015 Ark. 363, 472 S.W.3d 107; *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001).

Next, the circuit court rejected Baumann's second claim, *that his trial counsel was ineffective for failing to establish for the jury a theory of the case for why the alleged victim, who was a*

4

*minor, and other State's witnesses would have a motive to make false accusations that Baumann committed sexual assault and rape.* The circuit court found that trial counsel was not ineffective when it did not specifically adopt the alternate theories proposed by Baumann, noting that the decision of which theory to pursue as a defense falls within the protections of trial strategy. *Flowers v. State*, 2010 Ark. 364, 370 S.W.3d 228; *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). The circuit court stated that trial counsel need not advance every argument or theory urged by the client, *see Flowers*, *supra*, nor specifically adopt every detail of every alternate theory that the Rule 37 petition proposes.

The circuit court found that, contrary to the Rule 37 petition allegation, the trial record denotes many occasions in which trial counsel did attack the credibility of E.S.: (1) Trial counsel called into question her credibility and motivations during voir dire, opening statements, and closing arguments; (2) During the cross-examination of E.S., counsel highlighted a number of inconsistencies in her allegations, including whether or not Baumann had performed oral sex, where Baumann was sitting or lying at the time, and other things; (3) During the direct examination of Baumann's wife, trial counsel elicited testimony about the times E.S. had lied during her time in Baumann's home; (4) Trial counsel pointed out personal vendettas that several witnesses and adult influences of E.S. had against the Baumanns, and their motivations to lie, including custody battles and past false allegations; (5) On multiple occasions, trial counsel linked the credibility of E.S. to other witnesses who lacked credibility. Specifically, trial counsel referred on multiple occasions to a missing recording of an initial disclosure between E.S. and her mother as a "rehearsal."

The circuit court found that it did not need to hold an evidentiary hearing to surmise whether this was an intentional strategy of trial counsel. During a bench conference regarding the relevancy of certain testimony, trial counsel explicitly stated that E.S.'s mother influenced the content of E.S.'s initial disclosure, that her mother did not like her children being at Baumann's home, and that the adults involved make up allegations during custody battles. The circuit court stated that Baumann's allegation that trial counsel did not establish a theory about why E.S. and other witnesses would lie is not supported by a review of the record. Finally, the circuit court found that Baumann had not demonstrated prejudice as trial counsel did, in fact, attack the credibility and motives of E.S. and certain other witnesses.

A timely notice of appeal was filed on March 27, 2020, and Baumann now appeals from the circuit court's denial of his Rule 37 petition.

## II. *Standard of Review and Applicable Law*

Our supreme court reiterated the standard of review in postconviction-relief cases in *Johnson v. State*, 2020 Ark. 168, at 4–6, 598 S.W.3d 515, 519–20:

> When reviewing a circuit court's ruling on a petitioner's request for Rule 37.5 relief, this court will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Kemp v. State*, 347 Ark. 52, 55, 60 S.W.3d 404, 406 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.*, 60 S.W.3d at 406.

> When considering an appeal from a circuit court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. *Sparkman v. State*, 373 Ark. 45, 281 S.W.3d 277 (2008). In making this

6

determination, we must consider the totality of the evidence. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-pronged standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Springs [v. State]*, 2012 Ark. 87, 387 S.W.3d 143. A court must indulge in a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*, 387 S.W.3d 143.

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Id.*, 387 S.W.3d 143. The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard*, 367 Ark. at 18, 238 S.W.3d at 24. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*, 238 S.W.3d 24. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.*, 238 S.W.3d 24. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Mancia v. State*, 2015 Ark. 115, at 3, 459 S.W.3d 259, 263. The circuit court, in its discretion, can deny postconviction relief without a hearing if it concludes that the petitioner is entitled to no relief. *See id.* Rule 37.3(a) (2020), states that

[i]f the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the [circuit] court shall make written findings to

7

that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings.

Without the specific findings, there can be no meaningful review in this court because this court determines whether the findings are supported by a preponderance of the evidence. *Rackley v. State*, 2010 Ark. 469, at 3. We are not required to scour the record in a Rule 37.1 appeal to determine if the petition is wholly without merit when there are no written findings. *Id.* When a hearing is not held, it is the function of the circuit court to make written findings. *Id.*

The petitioner has the burden of pleading "in concise, nonrepetitive, factually specific language" at least one cause of action that is cognizable under the rule, and the petitioner must plead facts that support his or her claim. Ark. R. Crim. P. 37.1. It is in an evidentiary hearing that the petitioner has the burden of producing evidence to support his or her claims. *Id.*

III. *Discussion*

A. Failure to Request a Mistrial

Baumann first argues that the circuit court erred when it found without a hearing that trial counsel was not ineffective for failing to request a mistrial after the State asked Detective Hanna to read a portion of E.S.'s CSC interview, which was previously excluded Rule 404(b) evidence in the form of hearsay. He submits that the State should not have made the request and that he was greatly prejudiced in a way that "exceeded the bounds of fairness." Because he claims that he was denied a fair trial, Baumann argues that the Rule 37 petition should have been granted.

We hold that the circuit court did not clearly err by concluding that trial counsel's decision not to make a meritless motion for a mistrial was not ineffective assistance. Despite Baumann's allegation that trial counsel should have sought a mistrial after the State attempted to introduce allegedly previously excluded evidence of other sexual misconduct involving him, his daughter, and his granddaughters, the circuit court rejected his claim, finding that "a motion for mistrial would not have been granted"; thus, he fails to make the requisite showing of prejudice.

As acknowledged by Baumann, a petitioner for postconviction relief who alleges that trial counsel was ineffective for failing to move for a mistrial must show that the motion would have been meritorious because failing to make a meritless motion is not ineffective assistance. *E.g.*, *Blackwell v. State*, 2017 Ark. App. 248, at 8, 10, 520 S.W.3d 294, 301–02. *See also Hogan v. State*, 2013 Ark. 223, at 5–6; *Thompson v. State*, 2013 Ark. 179, at 5; *Walton v. State*, 2012 Ark. 269, at 5. A mistrial is a drastic remedy that should be employed only when the error complained of cannot be cured by an instruction to the jury and only when justice cannot be served by continuing the trial. *E.g.*, *Cunningham v. State*, 2013 Ark. 304, at 6, 429 S.W.3d 201, 207.

There is no precise rule that dictates when a circuit court is justified in granting a motion for a mistrial. Of course, "[a] mistrial is a drastic remedy that should be granted only when justice cannot be served by continuing the trial" and "should be employed only when the error cannot be cured by an instruction to the jury." *Cunningham*, 2013 Ark. 304, at 6, 429 S.W.3d at 207. An admonition or instruction is inadequate when the "prejudicial

9

statement" "is so patently inflammatory that justice could not be served by continuing the trial." *Hamilton v. State*, 348 Ark. 532, 542, 74 S.W.3d 615, 621 (2002).

Baumann has not demonstrated that the challenged testimony warranted a mistrial. The circuit court was in the best position to assess the impact of the challenged testimony on the proceedings, and as the circuit court correctly found, Detective Hanna's testimony was not sufficiently prejudicial to merit a mistrial. The challenged testimony referenced "Tanya," not Baumann, and evidence of sexual acts between Baumann and his daughter, Tanya, had already been ruled admissible. Further, the jury had already heard about E.S.'s CSC interview. Baumann makes no showing that, in light of these facts, an admonition to the jury could not have cured the admission of Detective Hanna's testimony and obviated the need for a mistrial.

The State urges that Baumann cannot show, as he must under *Strickland*, that trial counsel's decision not to make a meritless motion prejudiced him. He has made no showing that there is a reasonable probability that the outcome of his trial would have been different absent the challenged testimony. The jury learned about Baumann's proclivity for sexual acts with ten-year-old girls from the testimony of both E.S. and his own daughter, Tanya, during the guilt phase as well as from the testimony of his niece in the sentencing phase.

Additionally, as the circuit court correctly found in its order denying relief, trial counsel's decision not to move for a mistrial inured to Baumann's benefit when he was acquitted of the more serious charge of rape. Baumann has failed to show either that trial counsel's performance was deficient or that he was prejudiced by trial counsel's decision not to seek a mistrial; accordingly, the circuit court properly rejected his claim, and we affirm.

10

B. Failure to Establish a Theory for Witness Motive to Make False Allegations

Baumann next argues that the circuit court erred when it found without a hearing that trial counsel was not ineffective for failing to establish a theory of the case for why the alleged minor victim, E.S., and other State witnesses would have motive to make false allegations that Baumann committed sexual assault and rape.

"Trial counsel's decision regarding what theory of the case to pursue represents the epitome of trial strategy." *Flowers*, 2010 Ark 364, at 4, 370 S.W.3d at 232; *see also Lee v. State*, 2017 Ark. 337, at 16, 532 S.W.3d 43, 56. "This is true even where the chosen strategy was improvident in retrospect[,]" and trial counsel "need not advance every argument urged by his client." *Flowers*, 2010 Ark. 364, at 5, 370 S.W.3d at 232. However, "strategic decisions must still be supported by reasonable professional judgment, pursuant to the standards set forth in *Strickland*." *State v. Barrett*, 371 Ark. 91, 96, 263 S.W.3d 542, 546 (2007).

In evaluating the reasonableness of counsel's trial strategy, courts look at whether trial counsel's decisions were consistent with the evidence, including information provided by the client. *See Vickers v. State*, 320 Ark. 437, 898 S.W.2d 3026 (1995). It is the petitioner's burden to "sufficiently identif[y]" "a different sequence of events that counsel might have successfully adopted as an alternative theory of the case." *Bowerman v. State*, 2015 Ark. 350, at 5, 470 S.W.3d 267, 270. In addition, a petitioner must show that if counsel had adopted his proposed theory of the case, there is a reasonable probability that the jury's decision would have been different. *Id.* at 6, 470 S.W.3d at 271.

Baumann argues that trial counsel never developed a theory that E.S. had motive to lie about the sexual-assault allegations but rather merely pointed out inconsistencies in her testimony. He maintains that there is a significant difference between pointing out inconsistencies, which could merely suggest that E.S. could not remember details, and developing a theory that she was motivated to lie about the sexual-assault allegation. Because there was neither physical evidence that established that a sexual assault or rape had occurred nor any other evidence besides E.S.'s testimony, the trial essentially turned on credibility.

Baumann submits that well before trial, he and his wife provided trial counsel with information regarding motivation as to why E.S. and other witnesses would lie about the sexual assault. Regarding E.S.'s motive to lie, Baumann asserts that the entire story was designed so that she would be able to continue to live with her father, Joe, instead of her mother, Erika Shirley. Erika stated in her May 5, 2015 interview that E.S. did not want to leave, was "adamant" about living with her father, had "always been a daddy's girl," and according to a DHS report dated August 24, 2014, did not like her mother. And E.S. knew about the allegations made against Baumann before almost anyone else because her grandmother admittedly told her about the allegations.

Baumann argues that trial counsel was ineffective by failing to develop a theory that E.S. had motivation to lie because it would have elicited information that cast doubt on her credibility in a trial that trial counsel knew would end up being a "swearing match" between E.S. and Baumann. He maintains that this case was entirely dependent on the jury's believing his testimony over that of E.S., and trial counsel cannot be said to have used reasonable professional judgment in failing to elicit evidence and develop a theory of the case that

12

reflected poorly on E.S.'s credibility. He urges that if this relevant, admissible evidence and theory had been developed for the jury, the jury could have believed him and acquitted him on all charges.

We disagree and hold that the circuit court did not clearly err in finding that, contrary to Baumann's claim, trial counsel's theory of the case did attack E.S.'s credibility and motives as well as those of other witnesses. Baumann's Rule 37 petition specifically alleged that trial counsel should have challenged E.S.'s credibility by presenting evidence that she accused Baumann of sexual assault only after learning about other allegations against him from her grandmother. The Rule 37 petition also alleged that trial counsel should have argued that E.S.'s mother; E.S.'s grandmother; Baumann's daughter, Tanya; and his ex-wife had all made false claims of sexual abuse. As the circuit court correctly found, however, trial counsel not only attacked E.S.'s credibility but also "pointed out [the] personal vendettas that several witnesses and adult influencers of E.S. had against" Baumann.

Even Baumann acknowledges in his brief that trial counsel's decisions regarding which theory of the case to pursue represents the epitome of trial strategy. *E.g.*, *Sartin v. State*, 2012 Ark. 155, at 4, 400 S.W.3d 694, 697; *see also Flowers*, *supra*. Matters of reasonable trial strategy do not constitute deficient performance. *E.g.*, *Fukunaga v. State*, 2016 Ark. 164, at 3, 489 S.W.3d 644, 646. Even when trial counsel's chosen strategy proves improvident in retrospect, Rule 37 is not an avenue to postconviction relief when reasonable professional judgment supports counsel's choice. *See Sartin*, 2012 Ark. 155, at 4, 400 S.W.3d at 697. Additionally, trial counsel need not advance every argument urged by a client in order to render effective assistance. *Id*.

Although Baumann argues to the contrary, we hold that the circuit court correctly found that his claim was "not supported by a review of the record," which contains "many occasions on which trial counsel did in fact attack the credibility of E.S." and the veracity of other witnesses. During cross-examination, trial counsel confronted E.S. about discrepancies between her testimony and her disclosures of Baumann's sexual assault. Trial counsel also presented testimony from Erika, E.S.'s mother, showing that (1) E.S. previously lied about threats to Erika's life; (2) Erika talked to E.S. about the assault in order to prepare her for the CSC interview; (3) Erika was aware of Tanya's allegations against Baumann before E.S.'s initial disclosure; and (4) Erika had falsely accused her own stepfather of molesting her. Trial counsel presented this testimony expressly to demonstrate that "these people have a family history of making up stuff when they want something," consistent with the very theory of the case that Baumann now advocates.

Additionally, trial counsel provided Baumann and his wife ample opportunity to offer the testimony about E.S.'s motivation that Baumann now suggests should have been elicited at trial. He expressly asked Baumann to explain why the jury should not believe E.S.'s statements regarding the sexual assault. Instead of explaining E.S.'s possible motivations to lie, however, Baumann merely said, "I've always been with my wife and she's the main caretaker." When questioning Baumann's wife, trial counsel specifically asked her if she had ever known E.S. to be dishonest and why she believed E.S. had lied about the sexual assault. In response, Baumann's wife testified that E.S. seemed to mature very rapidly in a short period of time, but she offered the jury no information about why E.S. and other State witnesses would lie about the sexual assault.

14

Baumann has failed to demonstrate that trial counsel's performance was deficient and, moreover, makes no showing, as he must, that trial counsel's performance prejudiced him. To the contrary, trial counsel pursued a theory of the case indistinguishable from the one set out in Baumann's Rule 37 petition and did attempt to elicit the type of testimony Baumann now argues should have been presented at trial. The record indicates that the information about which Baumann now complains was, in fact, before the jury and was likely considered in its determination and was considered by the circuit court in its denial of his Rule 37 petition. This point is merely an expression of his disagreement with how the jury weighed the evidence that was before it. Because that is not a basis for Rule 37 relief, we affirm the circuit court's finding on this issue as well. Accordingly, we hold that the circuit court did not clearly err by rejecting Baumann's claim.

In sum, trial counsel's decisions at trial were professionally reasonable and within the permissible scope of trial strategy given the circumstances. We therefore hold that Baumann has failed to satisfy either prong of the *Strickland* test and affirm the circuit court's denial of his Rule 37 petition.

Affirmed.

MURPHY and BROWN, JJ., agree.

*John Wesley Hall* and *Samantha J. Carpenter*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.