SLIP OPINION

Cite as 2013 Ark. 468

# SUPREME COURT OF ARKANSAS

No. CV-13-664

CHRIS ZULPO
     APPELLANT

v.

STATE OF ARKANSAS
     APPELLEE

**Opinion Delivered** November 14, 2013

PRO SE APPEAL FROM THE LEE
COUNTY CIRCUIT COURT, 39CV-13-
62, HON. RICHARD L. PROCTOR,
JUDGE

ORDER AFFIRMED; MOTION TO
FILE BELATED REPLY BRIEF MOOT.

**PER CURIAM**

In 1987, appellant Chris Zulpo was found guilty in the Saline County Circuit Court of kidnapping and sentenced to 240 months' imprisonment in case 63CR-86-661. The Arkansas Court of Appeals affirmed. *Zulpo v. State*, CACR 87-224 (Ark. App. Aug. 31, 1988) (unpublished).

In 2013, appellant filed a pro se "Motion to Order Release Due to Court Order from 1996" in the Lee County Circuit Court, located in the county where he was in custody.[1] The circuit court denied the petition on the ground that it constituted a challenge to the judgment of conviction entered in the trial court in Saline County and should have been filed in the trial court. Appellant brings this appeal. Because the trial court did not err in declining to grant the relief sought, the order is affirmed. A motion to file a belated reply brief filed by appellant in the appeal is moot.

---

[1]As of the date of this opinion, appellant remains incarcerated at the prison facility in Lee County.

SLIP OPINION

The 1996 order to which appellant referred in his motion pertained to 63CR-86-661 and provided that the case should be dismissed for failure to afford a speedy trial. At the time the 1996 order was entered, the judgment entered in 63CR-86-661 had been in execution since 1987. There was no second trial. The record in the instant appeal contains a copy of an order entered December 19, 2011, in 63CR-86-661 that denied a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1987) filed by appellant in the trial court. In that order, the trial court notes that, after the court of appeals' mandate issued on January 11, 1989, appellant filed a Rule 37.1 petition alleging ineffective assistance of counsel. In September 1989, the trial court ordered appellant released into the custody of the Saline County Sheriff, and appellant posted a bond and was released from custody. The State moved to revoke the bond, and a hearing was set on the motion. Appellant failed to appear for the hearing, and a warrant was issued for his arrest. In 2009, appellant was arrested and returned to the Arkansas Department of Correction.

It is not clear whether appellant intended the 2013 motion filed in the circuit court where he was in custody to be in the nature of a petition for writ of habeas corpus or a petition for postconviction relief. In either event, we cannot say that the circuit court was wrong to dismiss the motion.

If the motion was intended as a petition for postconviction relief, it was not filed in the proper court. At the time appellant was convicted in 1987, Rule 37.2(a) required the petitioner whose judgment had been affirmed to obtain this court's permission to proceed in the trial court under the rule before filing a petition in the trial court. Appellant stated in his motion that he

SLIP OPINION

tried to file a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1987), but his petition was denied because he had not first obtained leave from this court to proceed in the trial court with a Rule 37.1 petition. Indeed, appellant did not obtain this court's permission before filing the 1989 Rule 37.1 petition in the trial court, and he would have been required under the Rule as it existed in 1987 to seek leave from this court before proceeding in the trial court.[2] The circuit court in the county where he was held in custody in 2013 did not have jurisdiction to grant a petition for postconviction relief from the 1987 trial court judgment.

If the petition was intended as a petition for writ of habeas corpus, a writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence must plead either the facial invalidity or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable

---

[2]Criminal Procedure Rule 37 was abolished by this court effective July 1, 1989. *In re Abolishment of Rule 37 and the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure*, 299 Ark. App'x 573, 770 S.W.2d 148 (1989). Rule 37 was reinstated in a revised form on January 1, 1991. *In re the Matter of the Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure*, 303 Ark. App'x. 746, 797 S.W.2d 458 (1990). The revised Rule does not require petitioners to gain leave of this court before proceeding in the trial court for persons convicted after January 1, 1991.

SLIP OPINION

cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

Appellant's motion did not call into question the jurisdiction of the trial court in 63CR-86-661 or the facial validity of the original 1987 judgment-and-commitment order. Rather, he argued that he was placed in double jeopardy by being rearrested and imprisoned after the 1996 order was entered even though there was no second trial. Some claims of double jeopardy are cognizable in a habeas proceeding; however, where a double-jeopardy claim does not allege that, on the face of the commitment order, there was an illegal sentence imposed on a conviction, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one cognizable in a habeas proceeding. *Burgie v. Hobbs*, 2013 Ark. 360 (per curiam); *Watts v. State*, 2013 Ark. 318 (per curiam). Appellant was clearly contending that a subsequent action by the trial court, i.e., the 1996 order, invalidated the original judgment-and-commitment order, not that the original judgment-and-commitment order was itself invalid. The circuit court located in the county where appellant was in custody and where he filed his motion was not the court to decide if the 1996 order was a valid order.

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Reed v. Hobbs*, 2012 Ark. 61 (per curiam); *Anderson v. State*, 2011 Ark. 35 (per curiam); *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). Appellant offered no proof that the trial court in his case in 1987 lacked subject-matter jurisdiction to hear and determine cases

SLIP OPINION

involving violations of criminal statutes. *Hill v. State*, 2013 Ark. 143 (per curiam). Moreover, that trial court had exclusive jurisdiction to render a final judgment on a felony information. *See Long v. State*, 284 Ark. 21, 25, 680 S.W.2d 686, 688 (1984).

Order affirmed; motion to file belated reply brief moot.

*Chris Zulpo*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.