

# SUPREME COURT OF ARKANSAS

No. CV-12-606

| | |
|---|---|
| STEVEN LEROY SWANIGAN<br><div align="right">APPELLANT</div><br>V.<br><br><br>ARKANSAS DEPARTMENT OF CORRECTION; RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION; KEITH L. WADDLE, HEARING OFFICER; AND GREGG E. MOORE, CAPTAIN<br><div align="right">APPELLEES</div> | **Opinion Delivered** May 1, 2014<br><br>PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CV-12-66]<br><br>HONORABLE CHRIS E WILLIAMS, JUDGE<br><br><u>AFFIRMED</u>. |

**PER CURIAM**

Appellant Steven LeRoy Swanigan filed a petition for writ of certiorari in the Hot Spring County Circuit Court in which he sought a declaratory judgment and injunctive relief against four appellees: Arkansas Department of Correction ("ADC") and its employees, Ray Hobbs, director; Keith L. Waddle, hearing officer; and Gregg E. Moore, captain. In the petition, appellant, who is an inmate incarcerated in the ADC, alleged that Moore had written a disciplinary report on an incident involving appellant, that Waddle had conducted a hearing on the incident and on Moore's report, and that Hobbs had ultimately affirmed Waddle's decision on the matter. Appellant further alleged that these actions were done with malice, that there were due-process violations in the proceedings, and that he had been harmed by these due-process violations. The harm was alleged to have resulted from a reduction in appellant's good-time classification; punitive isolation; restrictions on commissary, phone, and visitation access

SLIP OPINION

imposed as a result of the disciplinary sentence; and his consequential ineligibility for promotion in good-time classification or parole. The respondents filed a motion to dismiss, and the circuit court entered an order dismissing on the basis set forth in that motion. Appellant lodged an appeal in this court, and we now affirm the order dismissing the petition.

In the motion to dismiss, the respondents to the petition asserted that the petition should be dismissed based on sovereign immunity. On appeal, appellant contends that sovereign immunity did not bar his complaint because he alleged malice by the individuals named as defendants. The circuit court, however, correctly determined that appellant failed to allege facts in the petition to support a claim on which relief could be granted.

When reviewing a circuit court's order of dismissal, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Smith v. May*, 2013 Ark. 248 (per curiam). All reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed. *Id.* The complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.* Only facts alleged in the complaint are treated as true, not the plaintiff's theories, speculation, or statutory interpretation. *Holloway v. Beebe*, 2013 Ark. 12 (per curiam). The question to be resolved under this standard is whether the circuit judge abused his or her discretion. *Id.*

Sovereign immunity is jurisdictional immunity from suit. *Hanks v. Sneed*, 366 Ark. 371, 235 S.W.3d 883 (2006), *overruled on other grounds by Hardin v. Bishop*, 2013 Ark. 395, ___ S.W.3d ___. Where the pleadings indicate that the action is one against the State, the circuit court acquires no jurisdiction. *Smith*, 2013 Ark. 248. Here, the ADC is a State agency, and appellant

SLIP OPINION

sought to control the actions of the ADC through the actions of the other defendants as employees of the ADC. When the judgment would operate to control the action of the State or subject it to liability, the suit is one against the State and barred by the doctrine of sovereign immunity. *Ark. Lottery Comm'n v. Alpha Mktg.*, 2013 Ark. 232, ___ S.W.3d ___; *Fegans v. Norris*, 351 Ark. 200, 206-07, 89 S.W.3d 919, 924 (2002) (per curiam) (citation omitted) ("Even where the State is not named as a defendant, if a judgment for the plaintiff will operate to control the action of the state or subject it to liability, we treat the suit as one against the state. As appellant's request for relief, if granted, would control the action of the ADC, a state agency, and subject it to liability, his claims against appellees in their official capacities are barred by Article 5, section 20, of the Arkansas Constitution.").

As in *Smith*, the complaint here was brought against the individual appellees in their official capacities without specifying whether relief was sought against them in their individual capacities. Appellant did not seek any relief from the appellees in their individual capacities. It is true that a state agency may be enjoined under an exception to the general rule if the complainant shows (1) that the pending action of the agency is ultra vires or without the authority of the agency, or (2) that the agency is about to act in bad faith, arbitrarily, capriciously, and in a wantonly injurious manner. *Bd. of Trs. of the Univ. of Ark. v. Burcham*, 2014 Ark. 61. Appellant, however, did not provide facts to establish that his claims fell within this exception. *See Ark. Tech Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000).

Appellant's assertions that the appellees' actions were malicious or arbitrary were conclusory statements to that effect. In support, appellant only contended that the appellees had

acted with insufficient evidence of the alleged disciplinary violations or had failed to follow ADC policy concerning what evidence should be considered in imposing the disciplinary decision.

A declaratory judgment, the foundation for the relief appellant sought, will not issue concerning the administration of prisons unless the petitioner has asserted a legitimate constitutional issue involving an infringement upon the prisoner's constitutional rights. *Crawford v. Cashion*, 2010 Ark. 124, 361 S.W.3d 268 (per curiam). A declaratory judgment will not serve to overturn a decision by the ADC based on perceived irregularities and errors in a manner tantamount to an appeal. *McKinnon v. Norris*, 366 Ark. 404, 231 S.W.3d 725 (2006) (per curiam). Unless the sanctions imposed in an ADC administrative proceeding compromise a liberty interest, the deprivation asserted is not sufficient to trigger application of the statute so as to support declaratory judgment. *See Renfro v. Smith*, 2013 Ark. 40 (per curiam).

Appellant did not establish a due-process violation to support the declaratory judgment that would have formed the basis for the other relief that he sought. *See Gardner v. Hobbs*, 2013 Ark. 439 (per curiam) (noting that Arkansas has not created a liberty interest in good time); *see also Fegans*, 351 Ark. 200, 89 S.W.3d 919 (holding that a request for declaratory judgment on disciplinary action including denial of privileges and placement in isolation failed to establish an exception to either sovereign immunity or statutory immunity where the claim did not allege officials violated clearly established principles of law of which a reasonable person would have knowledge). Moreover, even if the petition had included claims asserting individual liability, appellant's conclusory allegations in the petition that the individual defendants had acted maliciously did not serve to cure the factual and legal deficiencies of the petition. *See Dockery v.*

*Morgan*, 2011 Ark. 94, 380 S.W.3d 377. A complaint that states only conclusions, with no factual support to show a conscious violation of existing law, does not sufficiently state a claim for personal liability of a state employee. *See Simons v. Marshall*, 369 Ark. 447, 255 S.W.3d 838 (2007).

Appellant's claims did not assert sanctions sufficient to compromise a liberty interest, and therefore the ADC's disciplinary proceedings did not invoke procedural or substantive due process. *See Munson v. Ark. Dep't of Corr.*, 375 Ark. 549, 294 S.W.3d 409 (2009) (per curiam). Without a factual basis for an exception to sovereign immunity or a factually sufficient claim for personal liability, the circuit court did not abuse its discretion in determining that the petition did not set forth facts sufficient to state a claim for relief. We accordingly affirm the decision dismissing the petition for declaratory and injunctive relief and writ of certiorari.

Affirmed.

*Steven LeRoy Swanigan*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Dennis R. Hansen*, Deputy Att'y Gen., for appellee.