

# SUPREME COURT OF ARKANSAS

### No. CR-12-258

| | | |
|---|---|---|
| RAY LEE ANTHONY | | **Opinion Delivered** May 1, 2014 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16CR-09-575] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE VICTOR L. HILL, JUDGE |
| | | AFFIRMED. |

## PER CURIAM

In 2010, appellant Ray Lee Anthony was found guilty by a jury of aggravated robbery, first-degree battery, forgery, and fraudulent use of a credit card. An aggregate sentence of 1800 months' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *Anthony v. State*, 2011 Ark. App. 660.

Subsequently, appellant filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). The trial court denied appellant's petition without a hearing. The trial court also denied appellant's request for a copy of the record at public expense. Appellant then lodged this appeal of the denial of his petition. On appeal, appellant contends that the trial court erred in not granting his petition based on a series of claims of ineffective assistance of counsel.[1] Appellant further

---

[1]All arguments made below but not raised on appeal are abandoned. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam); *Shipman v. State*, 2010 Ark. 499 (per curiam) (citing *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007)).

argues that, in the order denying his Rule 37.1 petition, the trial court did not adequately address the allegations raised in the petition.[2]

We first address appellant's contention that, as to some claims, the trial court did not make sufficient written findings in denying his petition, in light of the fact that a hearing was not held. Arkansas Rule of Criminal Procedure 37.3 (2010) provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the petitioner is entitled to no relief. *Lemaster v. State*, 2013 Ark. 449 (per curiam); *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). When it dismisses a Rule 37.1 petition without an evidentiary hearing, the trial court "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352; *Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189 ("[W]here no hearing is held on a Rule 37 petition, the trial court has an obligation to provide written findings that conclusively show that the petitioner is entitled to no relief."). While the trial court made written findings in its order, it did not address all of the claims raised in the petition. However, this court may affirm the denial of a Rule 37.1 petition, regardless of the adequacy of the order, if we can determine from the record that the petition was wholly without merit or when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Lemaster*, 2013 Ark. 449; *Montgomery*, 2011 Ark. 462, 385 S.W.3d 189. Based on our review of the record with regard to the ineffective-assistance claims not addressed by the trial court and raised by appellant

---

[2]In his Rule 37.1 petition and in his brief on appeal, appellant refers to trial co-counsel, Charlene Henry; however, he does not refer to co-counsel, Paul Teufel.

SLIP OPINION

on appeal, we affirm the denial of the petition as to these claims based on the determination that these claims are wholly without merit.

As to the claims of ineffective assistance addressed by the trial court in its order, this court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Pankau v. State*, 2013 Ark. 162; *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. Applying this standard of review, we hold that the trial court's decision was not clearly erroneous in denying postconviction relief based on the claims addressed by the trial court in its order and raised by appellant on appeal.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was

3

SLIP OPINION

not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy*, 2012 Ark. 59, 386 S.W.3d 477. The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

In the first point on appeal, appellant contends that the trial court failed to adequately address each of his allegations raised in support of the first claim in his petition that counsel was ineffective based on her failure to conduct an independent investigation relating to the motion to suppress evidence filed prior to trial. In the motion to suppress, counsel argued that appellant's personal property—a knife, clothing, shoes, and a hat—should be suppressed based on a break in the chain of custody for these items, which made the evidence untrustworthy. Following a hearing, the trial court denied the motion. On direct appeal, appellant argued that the trial court erred in denying the motion. The court of appeals held as follows:

> A chain of custody is maintained for evidence that is to be introduced in a criminal trial in order to prevent the introduction of evidence that is not authentic or that has been tampered with. *Pryor v. State*, 314 Ark. 212, 861 S.W.2d 544 (1993). It is not necessary to eliminate every possibility of tampering, but the trial court must be satisfied that in all reasonable probability the evidence has not been tampered with. *Id.*; *Gill* [*v. State*, 2010 Ark. App. 524, ___ S.W.3d ___].

> . . . It is undisputed that the evidence was not handled in accordance with the Jonesboro Police Department policy because the evidence was placed in bags and was locked in Detective Chris Poe's office at the end of the day on Friday, May 22, rather than being placed in the evidence locker; it was not logged into the evidence-tracking system until the following Monday morning, May 25, 2009. However, these items were individually identified as the items that were retrieved from Anthony as they were introduced into evidence; likewise, the officers who had keys to Detective Poe's office all testified that they did not enter his office after it was locked on Friday afternoon.

> The trial court was satisfied that the evidence had not been tampered with and denied the "motion to suppress." These were not interchangeable items like drugs or blood, which require more certainty. *See Guydon v. State*, 344 Ark. 251, 39 S.W.3d 767 (2001). We find no abuse of discretion in that denial.

*Anthony*, 2011 Ark. App. 660, at 2-3.

In his Rule 37.1 petition, appellant contended that, although counsel filed the motion to suppress evidence, the motion was deficient due to counsel's failure to conduct a thorough

investigation. In support of his claim, appellant made a number of allegations as to matters that he argued should have been investigated and raised by counsel with regard to the motion to suppress. Addressing appellant's claim, the trial court found in its order that the issue of a break in the chain of custody had been investigated by counsel, that a lengthy hearing had been held on the issue, that the matter had been raised on appeal as a basis for reversal of appellant's conviction, and that the court of appeals had disagreed with appellant's claim that a break in the chain of custody had occurred.

On appeal, appellant argues that the trial court failed to address his claim that counsel "neglected dates and times where the evidence was being held," and he requests that the issue be remanded for findings of fact as to the allegations raised in support of the failure-to-investigate claim. Appellant further contends that counsel was ineffective based on her failure to conduct an investigation into the break in the chain of custody; that counsel should have raised the issue that, in Detective Poe's office, his personal property was placed alongside evidence with "interchangeable blood" that was removed from the crime scene; that counsel failed to challenge Detective Poe's qualifications to compare a discovered shoe print with blood evidence; and that counsel failed to investigate the potential bias and lack of integrity of officers or confront these witnesses regarding their bias.[3]

---

[3]For the first time on appeal, appellant argues that, during the cross-examination of law enforcement officers, counsel failed to ask these witnesses if they had actually observed Detective Poe locking the door to his office where the evidence was being held. He also contends that counsel was remiss in not establishing "independent statements" of police officers involved in the investigation of the case. Because arguments raised for the first time on appeal could not have been considered by the trial court, they will not be addressed by this court. *Green v. State*, 2013 Ark. 455 (per curiam); *Williams v. State*, 2013 Ark. 375 (per curiam). Accordingly, we do not consider any argument raised by appellant for the first time on appeal.

The trial court, in its order, noted that a lengthy hearing was held on the motion to suppress, apparently considering counsel's representation of appellant at the proceeding to conclude that counsel was not ineffective based on the failure-to-investigate claim. While the trial court did not address each of appellant's allegations to support his claim, it is apparent from the order that the trial court examined the record, found appellant's claim to be without merit, and entered written findings of fact to that effect. Thus, remand of the case for further consideration of the claim is not warranted.

Moreover, appellant's claim that counsel provided ineffective assistance based on the failure-to-investigate claim is without merit. Counsel has a duty to make a reasonable investigation or to make a reasonable decision that renders particular investigations unnecessary; but, when a petitioner under Rule 37.1 alleges ineffective assistance for failure to perform adequate investigation, he must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the outcome of the trial. *Dixon v. State*, 2014 Ark. 97 (per curiam); *Bryant v. State*, 2013 Ark. 305, ___S.W.3d ___ (per curiam). The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Abernathy*, 2012 Ark. 59, 386 S.W.3d 477.

Here, appellant's argument is limited to conclusory allegations, and he fails to provide any facts to support his claims or show how further investigation would have been fruitful.

Moreover, at the suppression hearing, counsel thoroughly cross-examined witnesses regarding the timeline relating to the storage of the evidence and the steps taken by investigating officers to prevent contamination of the evidence.[4] In addition, appellant fails to show how challenging Detective Poe's qualifications, as they relate to comparing the shoe print to the blood evidence, would aid the defense in establishing that the evidence at issue was untrustworthy based on a break in the chain of custody.

In the second point on appeal, appellant contends that, in its order, the trial court did not address the wording in the second claim of his petition that counsel "did not meet the skills and knowledge of the prosecution," and that the entire claim should be remanded for the trial court to make a ruling on this allegation. Because appellant fails to state any facts to support a claim of ineffective assistance based on this conclusory allegation, we hold that this claim is wholly without merit.

Appellant further contends on appeal that counsel was ineffective based on the failure to investigate or determine alternate suspects, for not moving to sever the aggravated-robbery and assault charges from the fraudulent use of a credit card and forgery charges, and for not objecting to the "robbery evidence." In considering appellant's second claim, the trial court only addressed the allegation that counsel provided ineffective assistance in failing to investigate the possibility of alternate suspects, finding that the allegation was without merit. The trial court did

---

[4]Appellant's reference to "interchangeable blood" in his contamination argument is apparently based on the court of appeals' analysis of the break-in-the-chain-of-custody claim on direct appeal. In *Anthony*, 2011 Ark. App. 660, the court of appeals stated that, in considering whether the items of personal property at issue had been tampered with as a result of the break in the chain of custody, it recognized that the items were not "interchangeable items like drugs or blood, which require more strict scrutiny."

not address the remaining allegations in appellant's second claim in his petition.

Appellant summarily contends on appeal that counsel failed to investigate or determine the possibility of alternate suspects. As stated herein, a petitioner, who alleges ineffective assistance based on the failure to perform an adequate investigation, must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the outcome of the trial. *Dixon*, 2014 Ark. 97; *Bryant*, 2013 Ark. 305, ___S.W.3d ___. Here, appellant fails to state which suspects he is referencing or how they might be connected to the charged crimes. Because his claim is conclusory and without any factual substantiation, the allegation does not warrant granting relief.

Based on our review of the record, we also determine that appellant's claim of ineffective assistance based on counsel's failure to file a motion to sever was wholly without merit. Appellant fails to demonstrate that counsel could have pursued a successful motion to sever the charges of aggravated robbery and assault from the fraudulent-use-of-a-credit-card and forgery charges. To demonstrate that counsel could have successfully pursued a motion to sever, appellant must show that the charges were not part of a single scheme or plan or that the same body of evidence would not be offered to prove each offense. Ark. R. Crim. P. 22.2(a) (2010); *see Clayton v. State*, 2013 Ark. 453 (per curiam). Here, the court of appeals recounted the facts of the case as follows:

> Vickie Jo Mueller was attacked in her office at the church on Friday morning, May 22, 2009. She was stabbed three times during the attack. Her attacker then grabbed her purse from under her desk and ran out of the building. She was able to call 911; the police and an ambulance arrived shortly thereafter. Anthony was then video-taped attempting to use Ms. Mueller's credit cards and checks to make purchases at Wal-Mart

9

and Target. His vehicle was identified, and he was arrested at approximately 3:30 p.m. the same day. Sergeant Todd Nelson retrieved a knife from Anthony's front pocket, which appeared to Nelson to have blood and tissue on it. In addition, the sergeant recovered Mueller's missing credit cards and one of her missing checks from Anthony's wallet.

*Anthony*, 2011 Ark. App. 660, at 2. Based on these facts, the charged crimes were part of a single scheme or plan, and the same body of evidence was pertinent to prove all four charges. Accordingly, a motion to sever would not have been successful. Because appellant failed to demonstrate that a motion to sever would have been successful, his ineffective-assistance claim is without merit.

Likewise, our review of the record shows that appellant's claim that counsel was deficient in failing to object to "robbery evidence" is without merit. Appellant does not state with any particularity on appeal which evidence he is referencing. The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Cunningham v. State*, 2013 Ark. 394, ___ S.W.3d ___ (per curiam). Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Id.* Appellant's unsubstantiated and conclusory allegation clearly falls short of establishing that he was denied effective assistance of counsel.

To the extent that, by referring to "robbery evidence," appellant is attempting to raise on appeal a more specific allegation found in his petition, this allegation is also meritless. In his petition, appellant argued that counsel's failure to object to the testimony of a Target security officer that appellant was a "vagrant" was prejudicial to his defense. According to the record, Investigator Poe testified that, in the course of his investigation of the charged crimes, Target

SLIP OPINION

security officers notified him that the victim's credit card or check was being used at Target. Investigator Poe further testified that, when he responded to their call, the security officers handed over the checkbook and credit cards belonging to the victim as well as a video of the suspect. Investigator Poe then testified that one of the security officers informed him of the description and tag number of the vehicle driven by the suspect and told him that he had the tag number because he had previously dealt with the suspect "more or less as a vagrant." A petitioner asserting ineffective assistance of counsel has the burden of proving that the prejudice resulting from any alleged error had some demonstrable and detrimental effect. *Abernathy*, 2012 Ark. 59, 386 S.W.3d 477. Here, considering the totality of the evidence and the particular circumstances of the case, appellant did not demonstrate a reasonable probability that the fact-finder's decision would have been different absent any alleged error based on the failure to object to the "vagrant" testimony.

In the third point on appeal, appellant contends that the trial court improperly addressed his claim of ineffective assistance of counsel based on the alleged failure to investigate and develop evidence of a mental disease or defect. He seems to allege that, while the trial court considered whether counsel was ineffective based on the failure to raise mental disease or defect as a defense during the guilt phase, his argument in his petition was that counsel was ineffective based on the failure to raise the issue as mitigating evidence during the penalty phase of his trial. In his petition, appellant alleged as the third ground for granting postconviction relief that counsel "failed to develop a Mental Health Defense at the Guilt Phase." While appellant alleged in his petition that potential evidence of mental illness is "critical information for a jury to consider when deciding to impose a sentence," he did not argue that mental disease or defect

11

should have been raised as a mitigating circumstance during the penalty phase of the trial. In its order, the trial court found that the defense of mental disease or defect was not consistent with appellant's defense that he did not commit the charged crimes. Appellant does not challenge this finding on appeal, and his argument that the trial court did not properly address his argument is not supported by the record.

To the extent that appellant is attempting to raise the argument on appeal as he did in his petition that counsel was remiss in not calling his mother and his sister as witnesses during the penalty phase of the trial, the trial court correctly found that counsel's decision not to call these witnesses was a matter of professional judgment. While appellant, in his brief on appeal, refers only to counsel's duty to present mitigating evidence, he alleged in his petition that counsel provided ineffective assistance based on the failure to present these witnesses to "humanize" him with anticipated testimony regarding his nonviolent nature and aversion to the sight of blood. We have stated that the decision of trial counsel to call a witness is generally a matter of trial strategy that is outside the purview of Rule 37.1. *Boatright v. State*, 2014 Ark. 66 (per curiam). Trial counsel must use his or her best judgment to determine which witnesses will be beneficial to the client. *Id.* When assessing counsel's decision not to call a particular witness, we must take into account that the decision is largely a matter of professional judgment, and the fact that there was a witness or witnesses who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Lemaster*, 2013 Ark. 449. Here, the trial court found that, in light of the risks posed by cross-examination and the "utter barbarity" of appellant's actions, counsel acted within the bounds of professional judgment in not calling these witnesses. Based on the

*Strickland* standard, we cannot say that the trial court's finding was clearly erroneous.[5]

In the fourth point on appeal, appellant seems to contend that counsel provided ineffective assistance related to the use of a prior Illinois conviction in sentencing him as a habitual offender. He contends that counsel was deficient in failing to "investigate" whether, based on the definitions of aggravated robbery in Illinois and Arkansas, his Illinois conviction for aggravated robbery was comparable to committing aggravated robbery in Arkansas. He also contends that counsel was ineffective in not objecting to the use of the Illinois conviction, and he seems to argue that he was entitled to a ruling on this issue at trial.

At trial, the State sought to enhance appellant's sentence for his aggravated-robbery conviction pursuant to Arkansas Code Annotated section 5-4-501(c)(1) (Supp. 2009) based on his prior Illinois conviction for aggravated robbery. Pursuant to section 5-4-501(c)(1), with an exception involving certain sex crimes, a defendant, who is convicted of a serious felony involving violence enumerated in paragraph (c)(2) and who has previously been convicted of one or more of such offenses, shall be sentenced to a term of not less than forty years and not more than eighty years, or life, without eligibility for parole or transfer, except under section 16-93-615. Aggravated robbery and "a conviction of a comparable serious felony involving violence from another jurisdiction" are both included as enumerated offenses. Ark. Code Ann. § 5-4-501(c)(2). In Illinois, a person committed aggravated robbery, pursuant to the statute in effect

---

[5]Appellant also alleges that he did not have the opportunity to amend his Rule 37.1 petition because the trial court denied his petition without a response filed by the State. While Arkansas Rule of Criminal Procedure 37.2(f) provides that the State may file a response to a Rule 37.1 petition within twenty days after service of the petition, there is no requirement that a response be filed. The State did not file a response, and the trial court entered its order denying the petition thirty days after the petition was filed.

at the time that appellant committed the crime, when he (1) took property from the victim; (2) by the use of force or by threatening the imminent use of force; and (3) while indicating verbally or otherwise to the victim that he is armed with a firearm. 720 Ill. Comp. Stat. 5/18-5 (West through P.A. 98-627 of the 2014 Reg. Sess.), *repealed by* Act effective Jan. 1, 2013, No. 97-1108, § 10-10, 2012 Ill. Laws 5685, 5778. The Illinois statute defining aggravated robbery is similar to the Arkansas aggravated-robbery statute, Arkansas Code Annotated section 5-12-103 (Repl. 2006), which states that a person commits aggravated robbery if he or she commits robbery as defined in section 5-12-102, and the person is (1) armed with a deadly weapon; (2) represents by word or conduct that he or she is armed with a deadly weapon; or (3) inflicts or attempts to inflict death or serious physical injury upon another person.

In light of section 5-4-501(c), counsel raised the issue that there must be a determination that the Illinois conviction constituted a serious felony involving violence, and the State recounted the facts supporting the Illinois conviction, as provided in the pen pack. These facts included the statement that appellant entered a cab, "pretended he had a gun, stuck his hand in the victim's back, and demanded money." The trial court then ruled that it would allow the use of the conviction for the purpose of sentencing appellant as a habitual offender pursuant to section 5-4-501(c).

While counsel did not object at trial to the use of the Illinois conviction on the basis that it was not a comparable felony involving violence, any objection would not have been meritorious.[6] Counsel cannot be considered ineffective for failing to make an objection or

---

[6]In finding that postconviction relief was not warranted on this claim, the trial court stated that counsel had objected to the use of appellant's prior conviction, and that the issue was raised and addressed on direct appeal. However, our review of the record shows that, while

14

argument that is without merit. *Dodge v. State*, 2014 Ark. 116 (per curiam); *Jordan v. State*, 2013 Ark. 468 (per curiam). Because the Illinois aggravated-robbery conviction is a "conviction of a comparable felony involving violence from another jurisdiction," counsel was not ineffective under the standards set forth in *Strickland* based on her decision not to challenge the use of the Illinois conviction to enhance appellant's sentence for aggravated robbery.

Citing Arkansas Code Annotated sections 5-4-501(c) and 16-93-609, appellant also summarily states that the enhancement of his sentence constituted an illegal sentence. To the extent that this argument was raised below, appellant's failure to develop the argument precludes review of the issue. *Adams v. State*, 2013 Ark. 174, ___ S.W.3d ___.

In the fifth point on appeal, appellant contends that counsel was ineffective based on the failure to object to hostile remarks made by the prosecuting attorney during closing argument. In its order, the trial court found that the allegation did not warrant relief because appellant failed to state which statement required an objection or to establish that such an objection would have been sustained by the trial court. Appellant does not specify which remarks he considers to be hostile, and a review of the record shows that, during his closing argument, the prosecutor recounted the evidence without making any statements that could be construed as hostile to appellant. Because there is no factual substantiation for appellant's claim, relief on this point is not warranted.

---

counsel objected to the use of the prior conviction based on the lack of proof that appellant was represented by counsel, she only made the statement that the trial court must make a decision as to whether the Illinois aggravated-robbery conviction was a serious felony involving violence. Further, the specific issue addressed by the court of appeals, with regard to the consideration of the Illinois conviction, was whether appellant was represented by counsel regarding the conviction. *Anthony*, 2011 Ark. App. 660.

SLIP OPINION

As part of his fifth point on appeal and in his conclusion, appellant makes a number of arguments based on ineffective assistance of counsel and bias of the trial court for the first time on appeal. As stated herein, we do not consider any argument raised by appellant for the first time on appeal. *Green*, 2013 Ark. 455; *Williams*, 2013 Ark. 375.

In his reply brief, appellant alleges that he was prejudiced because the appeal of his Rule 37.1 petition was without the assistance of an attorney or the benefit of a trial record. In addition to this statement, appellant sought appointment of counsel for the appeal based on the complexity of the issues and his limited abilities. Postconviction matters are considered civil in nature, and there is no absolute right to appointment of counsel. *Ellis v. State*, 2014 Ark. 24 (per curiam). We have held that, if an appellant makes a substantial showing that he is entitled to relief in a postconviction appeal and that he cannot proceed without counsel, we will appoint counsel. *Evans v. State*, 2014 Ark. 6. However, in the instant case, appellant has not demonstrated merit to his appeal and, therefore, he has not met his burden of establishing that he is entitled to appointment of counsel. As to appellant's claim that he has been denied access to the trial record, the docket of this court reveals that appellant has not filed any motion seeking a copy of the record in this case. While appellant points to a motion for transcript, filed on September 28, 2011, in his direct appeal, he has not filed a similar motion in this case. To the extent that appellant has raised the argument on appeal that the trial court erred in denying his request for a copy of the record, the trial court correctly found that appellant was not entitled to a copy of the transcript. It is well settled that indigency alone does not entitle a petitioner to free photocopying. *Daniels v. State*, 2012 Ark. 124 (per curiam); *see also Martinez-Marmol v. State*, 2013 Ark. 436 (per curiam). To be entitled to a copy of a trial transcript at public expense, a

16

petitioner must show a compelling need for the transcript to support an allegation contained in a timely petition for postconviction relief. *Williams v. State*, 2014 Ark. 70 (per curiam); *Koontz v. State*, 2013 Ark. 181 (per curiam). Appellant failed to provide any compelling need for the transcript; thus, he failed to show that the transcript that he sought should have been provided to him at no cost. *See Daniels*, 2013 Ark. 124.

Affirmed.

*Ray Lee Anthony*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.