SLIP OPINION

Cite as 2014 Ark. App. 221

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–431

ARBURY CHARLES BOWERMAN
APPELLANT

V.

STATE OF ARKANSAS
APPELLEE

**Opinion Delivered** April 9, 2014

APPEAL FROM THE LOGAN
COUNTY CIRCUIT COURT,
NORTHERN DISTRICT
[NO. CR–2011-86]

HONORABLE JERRY RAMEY,
JUDGE

AFFIRMED

## BILL H. WALMSLEY, Judge

Appellant Arbury Charles Bowerman appeals his convictions for third-degree battery, residential burglary, and aggravated robbery. His sole argument on appeal is that the trial court abused its discretion in admitting lab reports linking his DNA to the crime scene. We affirm.

Appellant was tried by a jury. Larry Brown testified that on the night of August 28, 2011, he was awakened to find masked gunmen in his home. Brown described how the gunmen escorted him outside and repeatedly hit him with a gun. At one point, he attempted to escape, but he was caught and then wrestled with two men for their guns. During the struggle, Brown bit one of the gunman's hands and was left with what he thought was flesh or a piece of glove in his mouth. Brown said that he tucked the substance in his jaw, and after the police arrived he spit it out into a plastic baggie handed to him by his wife. Brown



said that he handed the baggie to Ray Gack or one of the other police officers.

Brown's wife, Brandi, confirmed that she handed her husband a baggie when he asked for it, that he spit a mouthful of blood into it, and that he gave it to an officer. Ray Gack, an investigator for the Logan County Sheriff's Department, testified that he arrived after other officers, and the plastic baggie was handed to him. He did not recall who gave it to him. Gack testified that he sent the baggie and a cheek swab of appellant's to the State Crime Laboratory for analysis.

Callie Wells, a forensic DNA analyst at the state crime lab, testified that she analyzed the evidence submitted in this case and that DNA profiles were obtained from the tissue in the plastic bag. Wells said that the tissue had a mixture of Larry Brown's and appellant's DNA. She testified that Ray Gack was listed as the submitting officer, but she did not receive the evidence herself.

The State moved to admit copies of Wells's reports. Appellant objected to their admission, arguing that the chain of custody was in dispute. He argued that Wells did not know from whom she got the sample and that Gack did not see Brown spit into the baggie or know who had handed him the baggie. The trial court overruled the objection and admitted the lab reports. On cross-examination, Wells testified that Gack submitted the evidence to the lab, and it then went through other channels before reaching the DNA section. She said that when the case was assigned to her, she checked the evidence out of its secure storage location.

Appellant was convicted of third-degree battery, residential burglary, and aggravated

robbery and found not guilty of theft of property. He was sentenced as a habitual offender to forty-five years' imprisonment, and this appeal followed.

Appellant argues that the State failed to establish an adequate chain of custody of the tissue sample and thus, the lab reports should not have been admitted into evidence. He contends that the State failed to prove where the tissue had come from at the crime scene because Gack could not remember who had handed the baggie to him or if anyone else had touched the baggie. Appellant also faults the State for failing to prove who received the evidence at the crime lab.

We do not reverse a circuit court's ruling on the admissibility of evidence absent a showing that the court abused its discretion. *Jackson v. State*, 2010 Ark. App. 359, 374 S.W.3d 857. The purpose of establishing a chain of custody is to prevent the introduction of evidence that is not authentic or that has been tampered with. *Id.* To prove authenticity of evidence the State must demonstrate a reasonable probability that the evidence has not been altered in any significant manner. *Id.* To allow introduction of physical evidence, it is not necessary that every moment from the time the evidence comes into the possession of a law-enforcement agency until it is introduced at trial be accounted for by every person who could have conceivably come in contact with the evidence during that period. *Id.* It is also not necessary to eliminate every possibility of tampering. *Tatum v. State*, 2011 Ark. App. 83, 380 S.W.3d 519. It is only necessary that the trial court, in its discretion, be satisfied that the evidence presented is genuine and, in reasonable probability, has not been tampered with. *Id.*

SLIP OPINION

In *Tatum*, we held that a moment-by-moment account of evidence retrieved from the crime lab and transported to trial was not necessary. There, the trial court had satisfied itself that the evidence was genuine and that there had been no tampering, and the appellant had provided no basis for concluding otherwise. The same is true here. It was not necessary to prove who had handed the baggie to Gack or who had received the evidence at the crime lab. The trial court did not abuse its discretion in admitting the exhibits upon finding that, in reasonable probability, the evidence had not been altered. We affirm.

Affirmed.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Laura Avery*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.