SLIP OPINION

Cite as 2015 Ark. 350

# SUPREME COURT OF ARKANSAS

No. CR-14-640

| | |
|---|---|
| ARBURY CHARLES BOWERMAN<br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered October 1, 2015<br><br>PRO SE APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT<br>[NO. 42CR-11-86]<br><br>HONORABLE JERRY DON RAMEY, JUDGE<br><br>AFFIRMED. |

**PER CURIAM**

Appellant Arbury Charles Bowerman brings this appeal from the denial of his petition seeking postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014). He fails to demonstrate clear error, and we affirm the order denying relief.

In 2012, Bowerman was convicted of aggravated robbery, residential burglary, and third-degree battery, and he was sentenced to an aggregate term of 540 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed the judgment. *Bowerman v. State*, 2014 Ark. App. 221.

The evidence presented at trial was that at least three masked men entered Larry Brown's home during the early morning hours on August 28, 2011. The men demanded money and property, then held Brown's family in the house while two of them accompanied Brown to a shed to look for valuables. Brown got away, scuffled with the men, biting one on the hand, and eventually returned to the house. The men fled before the police arrived. Brown testified that he had gotten something in his mouth when he bit one of the intruders, and he said that he spat

it into a plastic baggie and gave it to the police. DNA testing indicated that the material in the baggie contained a mixture of Brown's and Bowerman's DNA. On appeal, Bowerman unsuccessfully challenged the admission of the lab reports.

Bowerman filed a timely Rule 37.1 petition in the circuit court in which he raised a number of claims alleging ineffective assistance of both trial and appellate counsel. The State filed a general denial of the petition in response. The court denied the petition, finding that a hearing was not necessary because it could determine from a review of the files and record of the case that the petition was without merit. The order listed the claims from the petition and then addressed allegations concerning deficient performance by the trial attorney and counsel on appeal that were contained in the claims. The court found that Bowerman's allegations were conclusory; that, although Bowerman contended trial counsel should have adopted a different trial strategy, Bowerman failed to identify an alternate strategy or theory of the case to explain the evidence; and that Bowerman did not allege facts to support a finding of prejudice for the claims. The order also pointed to specific evidence offered at trial in support of the judgment, and the court found that Bowerman had not met his burden to demonstrate ineffective assistance.

This court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Houghton v. State*, 2015 Ark. 252, 464 S.W.3d 922. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

SLIP OPINION

On appeal, Bowerman raises three points alleging error. Bowerman first alleges that the circuit court erred in failing to appoint counsel to represent him in the Rule 37.1 proceedings. Next, Bowerman alleges that the court did not address the claims in the petition and that it was error to deny the petition with no more than a general denial from the State. Finally, Bowerman alleges error in the denial of the petition without a hearing.

Bowerman's first point is based on his contention that the circuit court was required to appoint counsel to represent him for the Rule 37.1 proceedings. Bowerman asserts that it was error for the court not to appoint counsel because he was entitled to counsel under the United States Supreme Court's holdings in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Those decisions, however, do not dictate that counsel must be appointed in postconviction proceedings. *Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259. Moreover, Bowerman did not cite the cases in his request for counsel or make an argument that counsel was required. Instead, he indicated that appointment of counsel was discretionary under Arkansas Rule of Criminal Procedure 37.3(b). The argument Bowerman now makes was not before the circuit court and was not preserved for appeal. *See Watson v. State*, 2014 Ark. 203, 444 S.W.3d 835 (holding that, where only a general request for counsel was made below, the argument that appointment of counsel was required under *Martinez* raised the issue for the first time on appeal and was therefore not preserved for appeal).

Bowerman next contends that it was error for the circuit court to dispose of his petition using an analysis of his claims that was not proposed by the State in its response and that this independent analysis was inappropriate. The State is not, however, required to file a response

to a Rule 37.1 petition under Arkansas Rule of Criminal Procedure 37.2. Ark. R. Crim. P. 37.2(f) ("Within twenty (20) days after service of a petition under this rule, the state may file a response thereto."). Rule 37.3 nevertheless permits summary disposition of a Rule 37.1 petition where the files and records of the case conclusively show that the petitioner is entitled to no relief. Ark. R. Crim. P. 37.3(a). Our rules clearly contemplate that the court may examine the claims in a Rule 37.1 petition independently and dispose of the petition summarily where it makes appropriate written findings in support of the summary disposition under Rule 37.3(a).

Bowerman's last claim alleges that error resulted when the circuit court denied relief without permitting him an opportunity to expand on the allegations in his petition at a hearing. He contends that, because he did not have counsel representing him, he poorly articulated the basis for his claims, that is, he did not fully describe the theory of the case that his attorney should have pursued. Some of Bowerman's claims were based on assertions that counsel should have pursued a defense strategy other than the one used, but the circuit court found that Bowerman did not identify an alternate theory of the case that counsel should have employed instead.

Our standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Mister v. State*, 2014 Ark. 446. Unless a petitioner makes both showings, the allegations do not meet the benchmark for assessing a claim of ineffective assistance. *Houghton*, 2015 Ark. 252, 464

S.W.3d 922.

A claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's alleged errors in order to meet the second prong of the test. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The burden is entirely on the claimant to provide facts that affirmatively support his claims of prejudice. *Mister*, 2014 Ark. 446. In assessing prejudice, courts "must consider the totality of the evidence before the judge or jury." *Rasul*, 2015 Ark. 118, at 7, 458 S.W.3d at 727 (quoting *Strickland*, 466 U.S. at 695).

Bowerman contends that he sufficiently identified an alternative theory of the case for a different strategy because he alleged that counsel should have based the defense on the theory that the events on August 28, 2011, were a "drug deal gone bad," rather than a robbery, that Brown had staged a robbery, and that Bowerman was not a participant in the events at issue. The circuit court was not clearly erroneous in determining that these allegations did not provide a factual basis to support a finding of prejudice and that Bowerman had failed to show a different sequence of events that counsel might have successfully adopted as an alternative theory of the case.

Bowerman's conclusory allegation that Brown and the other witnesses were untruthful about the nature of the events provided no cohesive explanation for the physical evidence that supported Brown's account. The court pointed to evidence that Brown had wounds on his body that were consistent with his version of events and that there was testimony from a witness about one of the intruder's voices, in addition to the DNA evidence, that placed Bowerman at

the scene. There was no showing that, if counsel had adopted this proposed alternate theory of the case, there was a reasonable probability that the jury's decision would have been different.

Our rules do not require circuit courts to hold a hearing on every petition. *Houghton*, 2015 Ark. 252, 464 S.W.3d 922. The circumstances here are similar to those in *Houghton* in that the circuit court provided findings of fact that detailed the allegations and pointed to portions of the record that supported its conclusion that the allegations lacked factual support. Despite Bowerman's contention to the contrary, his Rule 37.1 petition was without merit, not simply because he failed to articulate his claims well, but because he failed to include allegations of facts that, if proven, would have demonstrated prejudice from the alleged errors by counsel.

Where the files and record of the case conclusively show that the appellant was not entitled to relief, the circuit court was not clearly erroneous to deny relief without a hearing. *See Mancia*, 2015 Ark. 115, 459 S.W.3d 259. Because Bowerman has failed to show any reversible error by the circuit court, we affirm the denial of postconviction relief.

Affirmed.

*Arbury Charles Bowerman*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.