Josephine Linker Hart, Justice, concurring. In .his petition for postconviction relief, David Van Wmkle contended in part that his defense counsel was ineffective for failing to present, based on objective facts, an alternative theory about what occurred. In reeitmg those facts, he noted that he was found near the crime scene with his eyes swollen shut and 11flhis own blood on his hands and, clothes and also matted in his ham. He stated that his glasses and hearing aids were later, found at his< residence, thus, rendering him blind and deaf at the .scene. . Further, he stated that he had no memory of how he arrived at the scene. . He also asserted that it was later discovered that valuables had been taken from his residence. • He further noted that the State did not seek to ascertain the whereabouts of the victim’s husband at the time of the crime by exammmg cell-site location information, and Van Winkle claimed that he had since heard that the victim’s husband was in the area that day, which, made the husband’s trial testimony false. Van Winkle also observed that the State did not examine his vehicle for fingerprints to determine who had driven it to the scene or examine his house for fingerprints to determine who had taken the items from his home. Van Winkle contended that, based on these facts, defense counsel should have presented an alternative defense that he had been set up by the victim and possibly her husband and others. Van Winkle concluded that it was plausible that someone could have conspired with the victim to go to his house to steal his valuables. While there, they struck him, causing a concussion. They then drove him to the crime scene without his hearing aids and glasses, and afterwards they concocted a story to cover up the burglary of his house. He further observed that the victim had previously committed a residential burglary to obtain prescription pills. In answer to Van Winkle’s theory, the majority concludes that this was, in fact, the defense presented by defense counsel. This reading of the trial record, however, is too generous. While defense counsel did present testimony about Van Winkle’s physical ^disabilities, defense counsel also presented testimony that Van Winkle’s loss of memory was the result of him striking his head on a light fixture at work’. The majority then strays into a claim that defense counsel’s decisions on what theory to present was a matter of trial strategy. However, no hearing was ever held on Van Winkle’s postconviction petition. Thus, there is no testimony from defense counsel from which to conclude that defense counsel’s decisions were a matter of trial strategy. I caution against holding, without defense counsel’s testimony, that defense counsel’s decisions were matters of trial strategy. Rather than actually knowing that defense counsel’s decisions were matters of trial strategy, the majority essentially speculates, and such speculation could just as well be wrong. Nevertheless, I concur in the majority’s result. Rather than facts, Van Winkle presented in his petition only conclusory allegations in support of his theory that the victim robbed him at his residence, rendered him senseless, drove to the crime scene, and framed him by concocting a story. Thus, Van Winkle failed to demonstrate prejudice by showing that there was a reasonable probability that the fact-finder’s ' decision would have been different absent defense counsel’s alleged errors. See Bowerman v. State, 2015 Ark. 350, 470 S.W.3d 267 (holding that, where the petitioner alleged that defense counsel should have based the defense on the theory that it was not a robbery but instead a drug deal gone bad and that the victim had staged a robbery, there was no showing that, if counsel had adopted proposed alternate theory of the case,, there was a reasonable probability that the jury’s decision would have been different).