SLIP OPINION

Cite as 2016 Ark. 180

# SUPREME COURT OF ARKANSAS.

**No.** CR-13-431

| | |
|---|---|
| ARBURY BOWERMAN<br>PETITIONER | **Opinion Delivered** April 21, 2016 |
| V. | PRO SE MOTION FOR COPY OF<br>TRANSCRIPT AT PUBLIC EXPENSE |
| STATE OF ARKANSAS<br>RESPONDENT | [LOGAN COUNTY CIRCUIT<br>COURT, NO. 42CR-11-86]<br><br>MOTION DENIED. |

## PER CURIAM

In 2012, petitioner Arbury Bowerman was convicted of aggravated robbery, residential burglary, and third-degree battery. He was sentenced to an aggregate term of 540 months' imprisonment. The Arkansas Court of Appeals affirmed. *Bowerman v. State*, 2014 Ark. App. 221.

Bowerman subsequently filed in the trial court a timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). The petition was denied, and we affirmed the order. *Bowerman v. State*, 2015 Ark. 350, 470 S.W.3d 267 (per curiam).

On March 9, 2016, Bowerman filed the instant motion seeking at public expense a copy of the transcript lodged on direct appeal. Petitioner has appended his affidavit of indigency to the motion. As grounds for the request, Bowerman states that he is preparing a petition for writ of habeas corpus to be filed in federal court. He notes that he was allowed

SLIP OPINION

to borrow a copy of the transcript when he was representing himself on appeal from the denial of his Rule 37.1 petition.

Bowerman has not stated good cause to provide him with a copy of the direct–appeal transcript at public expense. There is no statement in the motion as to why the transcript is necessary for him to proceed in federal court, and no issues are identified that Bowerman intends to raise in federal court.

We have consistently held that indigency alone does not entitle a petitioner to free copies of any material on file with either this court or the Arkansas Court of Appeals. *Williamson v. State*, 2015 Ark. 85 (per curiam). A petitioner seeking a copy of written material on file with an Arkansas appellate court must show a compelling need for the copy to support a specific allegation contained in a timely petition for postconviction relief. *Id.*

Because Bowerman has failed to demonstrate that there is any particular issue that he cannot adequately raise to a particular court without access to a copy of the transcript, he has not established a compelling need for any material on file with this court's clerk to warrant providing him with copies at public expense. *Demeyer v. State*, 2016 Ark. 9 (per curiam).

With respect to Bowerman's having been afforded access to the transcript of his trial to prepare his pro se brief in the appeal from the Rule 37.1 order, the fact that an appellant in an appeal has met this court's requirements for providing a pro se appellant with access to a record to prepare his brief does not entitle that appellant to borrow a copy of a transcript for other proceedings. Here, Bowerman has not shown a compelling need at this time for

a copy of the transcript from the direct appeal.  Accordingly, there is no ground on which this court can grant the relief sought.

Motion denied.